## A. F. PHIPPS ET AL. V. P. J. WILLIS & BRO. ET AL.

### No. 821.

**1. Guaranty not Continuing.**

A guaranty of the payment for merchandise to a stated amount in value to be furnished the debtor within a stated time, and due at the expiration of such time, is not a continuing guaranty.

**2. Application of Payments—Running Account.**

The general rule is, that where there is a running open account between parties, and no appropriation of payments thereon is made by either party, the law will apply the payments according to priority of time in the items of account, even though one item be better secured than another.

**3. Parties—Debtor Must Be Joined with Guarantor.**

The debtor is a necessary party in a suit upon a guaranty, and under our statute no judgment can be rendered against a guarantor, with certain exceptions, unless judgment be rendered at the same time against the debtor.

**4. Pleading—Variance—Time.**

When in an action upon a guaranty, under an averment that the guarantor was discharged by payment made to the debtor prior to the expiration of the guaranty, evidence is given of payments made shortly after, as well as before such expiration, the substance of the allegation is proved and there is no variance.

APPEAL from Fort Bend. Tried below before Hon. T. S. REESE.

*E. P. Hamblen,* for appellants.—1. The contract is not a continuing guaranty, and only covered the goods first sold, amounting to fifteen

hundred dollars, and when that indebtedness was paid, the obligation was satisfied and discharged, and as said contract was to guarantee only the first fifteen hundred dollars' worth of goods sold to Phipps, it must follow that as soon as he paid on said account that sum, the contract of guaranty was satisfied and discharged. Lemp v. Armendol, 86 Texas, 693.

2. The court erred in giving judgment in favor of plaintiffs against Lena I. Blakely for an independent sum, and in the plaintiffs' favor against Phipps for the balance of plaintiffs' demand. If the plaintiffs were entitled to a judgment at all against Mrs. Blakely, on their pleading and evidence, they were only entitled to judgment against her and Phipps jointly, with judgment over in her favor against Phipps for any amount that she was required to pay. Rev. Stats., arts. 1207, 3663-3668.

3. As Mrs. Blakely guaranteed Phipps' account to plaintiff for goods to be sold during the year 1891, not to exceed $1500, and during said year Phipps paid to the plaintiffs on said account more than twenty-five hundred dollars, the said payments not having been applied to any particular account prior to the trial, said payments and credits should have been applied to the oldest items in plaintiffs' account, and would thereby have discharged them, and have satisfied in full Mrs. Blakely's contract of guaranty, and the court erred in not so applying them. Willis & Bro. v. McIntyre, 70 Texas, 39; Stanley v. Westrope, 16 Texas, 203; Phillips v. Herndon, 78 Texas, 379.

*P. E. and D. R. Pearsen,* for appellees.—1. Admitting, for the sake of the argument, that the guaranty was not a continuing one, all that Mrs. Blakely could claim was that her obligation to pay $1500 for Phipps should be credited with the amounts paid by him from January 28, 1891, the date of her contract with Willis & Bro., to October 1, 1891, the date on which her contract matured. Payments made by Phipps before the guaranty was made, and after it was ended, fall under the general rules of the appropriation of payments. 9 Am. and Eng. Encyc. Law, 68, sec. 2; 1 Wait Acts. and Defs., 582; Lemourieux v. Hewitt, 5 Wend., 308; Tiedman Com. Paper, sec. 415.

2. The account of Phipps to the extent of $1500, up to October 1, less payments made up to that date, and after January 28, 1891, being secured by Mrs. Blakeley's guaranty, and the balance of his account being unsecured, any payments not applied to any particular account by either debtor or creditor should be applied by the court to the unsecured balance, and not to the secured debt. Taylor v. Coleman, 20 Texas, 778; Field v. Holland, 6 Cranch, 28; Stamford Bank v. Benedict, 15 Conn., 438-45; 1 Am. Leading Cases, 284-7; Burks v. Albert, 4 J. J. Marsh, 97; 14 Am. Dec. 694, note; 18 Am. and Eng. Encyc. Law, 251; Johnson's Appeal, 37 Pa. St., 274.

3. Inasmuch as Mrs. Blakely's answer alleges payment by Phipps in general terms, and before October 1, 1891, she can not claim the

appropriation for her benefit of payments made in cotton after October 1, 1891, unless it appears that either the debtor or creditor directed such application. Rev. Stats., art. 1266; Hamburg v. Wood, 66 Texas, 175.

4. Construing Mrs. Blakely's guarantee according to the accepted rule that such instruments are to be construed against the guarantor, and liberally to promote trade, it is a continuing guaranty. Davis v. Wells, 104 U. S., 169; Drummond v. Prestman, 12 Wheaton, 519; Lawrence v. McAlmont, 2 Howard, 450, 451; Scott v. Myatt, 24 Ala., 489; Gardner v. Watson, 76 Texas, 27-30; Douglas v. Reynolds, 7 Peters, 113; Lawrence v. McAlmont, 2 Howard, 450; Lowe v. Beckwith, 14 B. Mon., 184.

PLEASANTS, ASSOCIATE JUSTICE.—The appellees instituted suit in the District Court of Fort Bend County against A. F. Phipps to recover $1579.07, balance alleged to be due on an account current, from August 16, 1890, to October 3, 1891, with interest from September 1, 1892, and the appellant, Mrs. Lena I. Blakely, was made defendant in said suit by plaintiff, and judgment asked against her for $1500 of said account; the plaintiff's demand against her being based upon the following guaranty executed by her on the 28th of January, 1891: "I, Mrs. Lena I. Blakely, of Fort Bend County, Texas, for and in consideration of one dollar to me in hand paid by P. J. Willis & Bro., incorporated, of Galveston, Texas, and in consideration of their selling during the year 1891, to A. F. Phipps, of Kendleton, Fort Bend County, Texas, goods, wares and merchandise in their lines to the amount of fifteen hundred dollars, I do hereby underwrite and guarantee to the said P. J. Willis & Bro., that in the event the said A. F. Phipps should fail to pay them the whole or any part of such indebtedness, arising from the sale of goods aforesaid, to pay same myself; and hereby bind myself and heirs to faithfully fulfill this contract, in the event of failure on the part of the said A. F. Phipps, by October, 1891; and it is further agreed and understood that the aforementioned amount is payable at the office of P. J. Willis & Bro., of Galveston, Texas." The defendant Phipps made default, and Mrs. Blakely averred that she guaranteed the payment of goods to be sold to Phipps, to the extent of $1500, but that plaintiffs had sold him merchandise greatly in excess of that sum; and that Phipps was unable to pay, in full, his indebtedness, but that he did pay plaintiffs, prior to October, 1891, more than twenty-five hundred dollars upon the goods sold him during said year, and that she was thereby released from her guarantee. The verified account sued on shows, that prior to January 28, 1891, Phipps was debited with merchandise aggregating $786.60, and credited with payments up to that date, amounting to $452.22; leaving balance due on that day $334.44, and that from January 28, 1891, to October 3, both days inclusive, plain-

tiffs sold him $3361.26, and credited him with payments made from the 28th of January to November 9, $2116.63. Upon trial of the cause by the judge, a jury having been waived, judgment was rendered against defendant Blakely for the sum of $635.45. The court found Mrs. Blakely's obligation to be not a continuing guaranty, but allowed her credits only for the sums paid between January 28 and October 1, 1891, and rendered judgment against her alone for $1500, less these credits, and judgment was rendered by default against Phipps for the balance of the account. Blakely appealed to this court, and both parties have assigned errors.

The first assignment by appellant is that, "the court below having found and decided that the contract of Mrs. Blakely was not a continuing guaranty, erred in holding that the payments made prior to October 1, 1891, by Phipps, should be credited on the amount guaranteed, but that the other payments, made in October, 1891, should not be credited on the amount guaranteed, but should be applied to plaintiff's indebtedness not covered by the guaranty." It is universally conceded that, when the debtor makes a payment to his creditor, it is the right of the debtor to have the payment applied to any of several debts which he may owe his debtor, and when the debtor does not designate how the payment is to be applied, the creditor may make the appropriation, with this restriction, however, that the creditor must make the appropriation, if not at the time of payment, at least within a reasonable time, and he cannot exercise the right to the wrong or injury of the debtor. But when there are payments made, and neither the debtor nor the creditor applies them to any particular debt, or to any part of the debt, when there is but one debt, there seems to be no inflexible rule for applying the payments; but they must be applied as the justice of the case demands. Taylor v. Coleman, 20 Texas 772. While there may be a seeming conflict in the discussions upon this subject, we deduce the general rule to be, that where there is a running open account between parties, and no appropriation is made by either, the law will apply the payments according to priority of time—the first item on the credit side going to discharge or reduce the first item on the debit side; and this rule will be applied though one item be better secured than another. Vide American and English Encyclopaedia of Law, under "Running Accounts," p. 249, and cases cited in notes; also, Willis v. McIntyre, 70 Texas, 34; Compton v. Pratt, 105 Mass., 255; Harrison v. Johnston, 27 Ala., 445, and Berghaus v. Alter, 9 Watts, 386. In each of the last two cases cited, supra, the rule was applied to a running account, in which a joint note of the debtor and another party, the surety of the debtor, was an item of the account, and by the operation of the rule the payments were credited on the note. The rule invoked by the appellee seems to have no application to running accounts. Where there are separate and distinct debts due from the debtor, and no appropriation has been made by either debtor or creditor, it is true that the courts have frequently applied the

payments to the more precarious debt. This is doubtless done upon the presumption, there being no circumstances tending to rebut such presumption, that the debtor would so apply the payments. Indeed, it has been held in some of the cases, in which the payments had not been appropriated by either the debtor or creditor, that in applying the payments, the court would be governed by the presumed intention of the debtor. This seems to be a logical sequence of the right of the debtor to designate the application of the payment, when the payment is made. And the rule, which requires unappropriated payments to be applied to the items in a running account according to their priority, has its foundation, we think, in the presumed intention of the debtor, rather than in the purpose of the court to prevent the bar of the statute. When justice demands it, the court will apply such payments to accounts which are barred; and we must therefore look for some other reason for the rule than the purpose to save the account from limitation, and that reason is, we think, the presumed intention of the debtor, when he made the payments, to apply them to the liquidation of the account in the order in which the items of indebtedness were incurred. We think the court correctly interpreted the contract of guaranty, in holding that it was not a continuing guaranty, and we think that the court was correct in holding that the payments on the debt had not been appropriated to any portion of the account; but the court erred in not applying the payments to the items of the account according to their priority of date. But, apart from the rule which we have been discussing, in the opinion of the writer, there is another and stronger reason why the payments made by the debtor Phipps should be applied to that part of the account guaranteed by the appellant. That reason has its foundation in the nature of the contract of guaranty. A guarantor is not directly but only collaterally bound for the debt he guarantees; he is not liable until the debtor makes default, and generally not until the creditor has used due diligence to collect from his debtor. But, if it be conceded, as seems to be assumed by appellee, that he was, by the terms of the guaranty given by appellant, relieved from the usual diligence required of the creditor upon default made by the debtor, appellee should not be allowed to say that the failure of Phipps to instruct him to which part of the account the payments should be applied is equivalent to default of payment, when he had in his hands moneys received from Phipps subsequent to the execution of the guaranty more than sufficient to discharge both the amount guaranteed and the previous indebtedness of Phipps. Appellee, in good conscience, could do nothing to prevent Phipps from discharging his obligation to the appellant, to relieve her from liability on the guaranty, and good faith required, if appellee chose to extend credit to Phipps after the expiration of the guaranty, that all moneys received from him should be first applied to that part of the account guaranteed by appellant. The contention of appellee, that upon default of payment by Phipps, on the first of October, 1891, appellant became primarily bound for the

amount guaranteed, and that appellee could have prosecuted his claim against her to judgment, without joining Phipps with her in the suit, cannot be maintained.

Such judgment might be obtained under the law merchant, but the statutes of this State forbid it. The debtor is a necessary party to a suit upon a guaranty, and no judgment can be rendered against the guarantor, with certain exceptions not coming within this case, unless judgment be rendered at same time against the debtor. The court, therefore, erred in rendering judgment against the appellant alone for the amount guaranteed by her. The account between appellee and Phipps ran from August, 1890, to October 3, 1891. The balance against Phipps, at the time the guaranty was given by appellant, the 28th of January, 1891, was something over $300, and between that date and November 9, 1891, payments of something over two thousand dollars were made; so that, had the payments been applied to the items of the account according to their priority, no judgment could have been rendered against appellant.

The averment in appellant's answer, that she was discharged from liability upon her guaranty by payments made by Phipps prior to October 1, 1891, sufficient to cover all items in the account incurred prior to the first of October, cannot deprive her of the benefit of payments made subsequent to that date. The averment was not a variance. The substance of it was proved by showing payments made before and shortly after the first day of October, 1891, sufficient to cover all indebtedness up to that date. For the errors indicated, the judgment is reversed, and this court, proceeding to render such judgment as the lower court should have rendered, orders and adjudges that the appellee recover nothing from the appellant and that she recover of him all costs in this and the lower court; and that appellee recover judgment for the full amount of his account against defendant Phipps, and all costs of the lower court, except such as is here adjudged for appellant against appellee.

*Reversed and rendered.*

Delivered October 17, 1895.

Writ of error refused.