FARMERS' & MERCHANTS' NAT. BANK OF COMANCHE v. LILLARD MILLING CO. (No. 9042.)

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1919.)

1. VENUE ☞40—CHANGE—SUIT IN COUNTY OF DOMICILE.

Where obligee's action against guarantor and principal was brought in the county in which principal agreed to make payment, and where there was no allegation that guarantor had guaranteed that payment would be made in such county, and neither guarantor nor principal were domiciled therein, guarantor, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, §§ 4, 5, was entitled to have place of trial changed to the county of its domicile.

2. PRINCIPAL AND SURETY ☞6—DISTINCTION BETWEEN "SURETY" AND "GUARANTOR."

While a surety is usually bound with his principal in one and the same instrument, executed at the same time and on the same consideration, a guarantor's obligation is his separate undertaking on which he is not liable until the default and liability of the principal creditor has been established.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Guarantor; Surety.]

Appeal from Wise County Court; J. W. Walker, Judge.

Action by the Lillard Milling Company against the Farmers' & Merchants' National Bank of Comanche, Tex., and others. From the judgment rendered, the named defendant appeals. Affirmed in part, and reversed and remanded in part.

Merton L. Harris, of Comanche, for appellant.

R. E. Carswell, of Decatur, for appellee.

BUCK, J. This is a suit for debt filed by the Lillard Milling Company against Joe Catter, as principal, and the Farmers' & Merchants' National Bank of Comanche, Tex., as guarantor. Plaintiff alleged that on February 28, 1917, it sold to Catter a carload of mill products, aggregating the sum of $504.60, payments on which had been made by Catter in the sum of $181.60, leaving a balance of $323. The plaintiff further averred:

"That before delivery of said products to said Catter under and by virtue of the said purchase, and as a condition thereto, defendant the Farmers' & Merchants' National Bank guaranteed in writing that said Catter would pay said bill when due."

It was also alleged that Catter agreed in writing to pay the purchase price of said goods at Decatur, Tex. Defendant bank filed its duly verified plea of privilege to be sued in Comanche county, Tex., its domicile. In answer to said plea, plaintiff filed its controverting affidavit and pleading, alleging that on March 5, 1917, before the plaintiff accepted the written offer of said Catter to purchase said products, it wrote the following letter to said Catter:

"We are writing you to ask that you have your bank wire us collect, stating that they will guarantee payment of the car flour bought by you from us. Our regular terms are draft B/L attached; but, after talking the matter over with Mr. Killough, we have decided to give

you 30 days on flour. This car is ready to be loaded; we are only waiting for your bank to guarantee payment of this shipment; kindly have your bank notify us promptly and we will ship at once. Thanking you for your prompt attention, we are,

"Yours truly."

That on March 6th plaintiff received from said bank the following telegram, to wit:

"Lillard Milling Company, Decatur, Texas.

"Joe Catter will pay for flour when amount is due.

"Farmers' & Merchants' Nat. Bank."

That upon the receipt of said telegram on March 7th plaintiff wrote defendant bank a letter as follows:

"Gentlemen: We are in receipt of your wire, in which you guarantee payment of the car flour sold to Joe Catter when due, and we are to-day shipping this car to him, based accordingly. Thanking you for this favor, we beg to remain,

"Yours truly."

That said defendant bank failed to reply to said letter, and said car of flour was delivered to said Catter upon his said original offer to purchase, and upon the terms therein contained, and upon said guaranty of defendant bank.

The defendant bank filed its answer, subject to its plea of privilege, containing a general demurrer and a special denial of the allegation in plaintiff's petition with reference to the guaranty asserted to have been made to the plaintiff by the defendant bank. It further pleaded that, if any guaranty was made to pay said bill of flour for Catter when due, said guaranty was an ultra vires act under the banking laws of the state of Texas and under the federal laws, and that the stockholders and directors of the bank did not authorize said act and were not bound by it. It further pleaded that, if its cashier did send said telegram to plaintiff, it was done without the authority and knowledge of the directors of the bank, and that said act was beyond the scope of his authority. In its supplemental petition plaintiff alleged that the guaranty was made on behalf of the bank by W. J. Cunningham, then cashier of the bank, and its duly authorized agent. It further pleaded facts tending to establish the defense of an estoppel, and averred that, if it were true that said Cunningham, as cashier of said bank, had no authority to bind said bank by sending said telegram and writing the letters in the name of the bank to plaintiff, that said acts constituted a fraud on Cunningham's part; wherefore the plaintiff prayed that Cunningham be made a party defendant.

By their first amended answer defendants bank and Cunningham specially denied that the telegram in question could be held to constitute a guaranty of Catter's debt to plaintiff; that, if it should be so construed, the plaintiff well knew that a national bank was not authorized under the law to make such a guaranty.

The cause was tried before the court, and evidence introduced, first on the plea of privilege, and then on the merits of the case, and judgment was rendered overruling defendant bank's plea of privilege, and awarding judgment for plaintiff against the bank. It was further adjudged that plaintiff take nothing as to defendant Cunningham. The defendant bank has appealed.

[1] We are of the opinion that the court erred in not sustaining the defendant bank's plea of privilege to be sued in Comanche county. Article 1830, V. S. Tex. Civ. Stats., provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in certain specified cases. Section 4 of said article provides that, where there are two or more defendants residing in different counties, suit may be brought in any county where any one of the defendants resides. Section 5 of said article provides that, where a person has contracted in writing to perform an obligation in any particular county, suit may be brought in such county or in the county where defendant has his domicile. Waiving for the moment the question of whether or not the telegram may reasonably be construed as a guaranty of the debt of Catter, and the question of whether such guaranty was an act ultra vires on the part of defendant bank, it is plain that venue of the suit as to defendant bank is not maintainable in Wise county by virtue of either section 4 or section 5. Neither of the defendants resided in Wise county, nor did the bank undertake to guarantee the payment of the debt in Wise county. We know of no exception to the general rule of venue which would authorize suit to be maintained against the bank, under the circumstances shown, in any county other than Comanche county. It is true that, if the bank had guaranteed Catter's obligation according to the terms and conditions set forth in Catter's contract of purchase, in which he agreed to make payment in Wise county, and waiving the question of the bank's authority to make such a guaranty, it would likewise be bound by that part of the agreement in Catter's contract to make payment at Decatur; but no such facts were alleged or proved.

[2] Therefore we conclude that the trial court erred in not sustaining the defendant bank's plea of privilege, and that for this error the judgment must be reversed and the cause remanded. This conclusion is strengthened by our recognition of the rule that while a surety is usually bound with his principal, in one and the same instrument, executed at the same time and on the same consideration, a guarantor's obligation is his

separate undertaking, and that ordinarily a guarantor is not subject to suit until the default and liability of the principal creditor has been established. Garrett et al. v. Mobile Life Ins. Co., 1 White & W. Civ. Cas. Ct. App. § 937; Page v. Sewing Machine Co., 12 Tex. Civ. App. 327, 34 S. W. 988; Brandt on Suretyship and Guaranty, § 1; Burge on Sureties, § 157; 12 R. C. L. pp. 1056, 1057; 20 Cyc. under heading "Guaranty," p. 1400. While there are several serious questions involved in the determination of the case on the merits, yet, as the pleadings and proof may be different upon another trial in the county of the bank's domicile, we do not deem it necessary or proper to determine, or even discuss, such questions at this time.

The judgment is undisturbed as to the issue between plaintiff and the defendant Catter, and as to the issues between plaintiff and the defendants bank and Cunningham the judgment is reversed, and the cause remanded, with instructions to the trial court to transfer the cause to Comanche county.

Judgment undisturbed in part, and reversed and remanded in part.