## WEST TEXAS CONST. CO. v. GUARANTY BUILDING & LOAN CO.

### No. 10206.

Court of Civil Appeals of Texas. Galveston.

April 2, 1936.

Rehearing Denied April 30, 1936.

Goggans & Ritchie and J. B. Stigall, Jr., all of Dallas, for appellant.

Stewarts, Noble Carl, and Byron Economidy, all of Galveston, for appellee.

GRAVES, Justice.

A statement, regarded as both correct and sufficiently full, is thus compounded from those in the briefs of the parties:

"This is an appeal from a judgment of the district court of Galveston county overruling appellant's plea of privilege. Appellee, Guaranty Building & Loan Company, brought suit in the district court of Galveston county against J. F. Killian and wife, Chloe B. Killian, and West Texas Construction Company, each alleged to be residents of Tarrant county, Tex. The cause of action asserted was upon certain notes executed by J. F. Killian and wife, payable to plaintiff's order at its office in the city of Galveston, Galveston county, Tex., secured by deeds of trust upon certain land situated in the city of Fort Worth, Tarrant county, Tex. Plaintiff further alleged that the defendant West Texas Construction Company claimed some lien or interest in the land covered by plaintiff's deeds of trust, but that this interest was inferior to plaintiff's lien and prayed for personal judgment against J. F. Killian and wife, and foreclosure of lien against all parties.

Defendant West Texas Construction Company duly filed its plea of privilege to be sued in Tarrant county, the county of its residence, asserting in substance that since it was not a party to the note sued on, and had not contracted to perform any obligation in Galveston county, it was not subject to suit in that county.

"Plaintiff filed its controverting affidavit, setting up the following:

"(1) The defendants J. F. Killian and wife, Chloe B. Killian, by their promissory note for $5,550 contracted in writing to perform certain obligations in Galveston county, Tex.

"(2) That the defendant West Texas Construction Company was the holder of a lien upon the property in question, which was subject to plaintiff's lien and was therefore a 'proper and necessary party to the suit,' and, as such, might be sued in the same county as the defendants J. F. Killian and wife, the makers of the note.

"Appellee introduced in evidence the deed of trust in its favor, at the bottom of which it is recited that—of the indebtedness secured thereby—$5,192.66 represents an indebtedness secured by a lien created on the 12th day of January, A. D. 1927, and $357.34 represents a loan for the payment of taxes on the property involved in this suit. It was stipulated that appellant is claiming a lien on this same property by virtue of a special assessment certificate dated May 22, 1929, and a mechanic's lien contract dated March 23, 1929. Appellant did not introduce these instruments in evidence. The stipulation stated: 'There is no agreement, however, as to the priority of lien, or the validity of the paving-assessment. * * *'"

The appellee having thus relied entirely upon its averment and prima facie undertaking to show that appellant was a necessary party to the suit, the sole question presented is whether or not it was such within the meaning of subdivision 29a of Vernon's Ann.Civ.St., article 1995; while the matter may not be free from doubt, this court concludes that it was not, upon these considerations:

■ (1) Our Supreme Court in First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W. (2d) 756, 757, has thus defined the meaning of a necessary party as referred to in that exception to the venue statute:

"The purpose of the new exception, as disclosed by its terms, was not to restrict the meaning or operation of any preexisting exception contained in the article, but to leave them all in full operation as before. It is reasonably clear that the term 'necessary parties' is used in the new exception in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.' Townes, Texas Pleading (2d Ed.) 258."

Irrespective, for the moment, of any question affecting the standing or priority of the respective liens claimed by the opposing parties, it seems clear that appellant was not a necessary party to this suit under the quoted pronouncement, since the appellee undoubtedly could have proceeded to and obtained a valid judgment against the Killians without joining it at all, and could by a sale pursuant thereto have divested them of any title they might have then had in the property.

■ (2) While it does not seem to this court that the question of which side had the superior lien is necessarily involved in determining whether or not the appellant was a necessary party, still that also seems to have been foreclosed by our Supreme Court in construing R.S. art. 1090 in Nalle v. Eaves, 5 S.W.(2d) 500, where it unequivocally held 'the statutory lien therein given for paving assessments to be superior to pre-existing vendor's or mortgage liens as to property that was of a nonhomestead character; upon its relevant facts, that cause was on all-fours with the present one, where not only was no mention of this property being a homestead made in either the pleading or the proof, but the character of the lien claimed by the appellant was, in the quoted stipulation between the parties, agreed to be one for such paving assessment as the stated statute deals with; wherefore, it makes no difference as affecting the superiority of the opposing liens, within the meaning of that statute, either that the appellee's declared upon deed of trust lien antedated appellant's by some two years, or that the appellant's asserted paving lien was not proven up as such—the appellee itself having both alleged and agreed in the quoted stipulation that its claim was of that character.

■ (3) Neither does the appellee's contention that part of the indebtedness it sued for was alleged to have been secured

776

by a tax lien undermine the conclusion stated, for the reason that, while its deed of trust that was in evidence did, as before stated, recite that it secured $357 loaned the Killians with which to pay taxes on the property covered thereby, this would not bring the appellee's debt under that provision of article 1090, supra, that makes state, county, and municipal taxes superior as 'lien claims to paving assessments; presumably, under the appellee's averments and the recitations of its deed of trust, these taxes had been paid when the money was advanced that the deed of trust secured when it was executed, hence they were no longer outstanding as such "state, county, and municipal taxes," but merely the subject of an agreement between the appellee and the Killians, and binding inter sese alone.

(4) If the cause of McLeroy v. Thrift, 22 S.W.(2d) 947, by this court, upon which the appellee mainly relies, is not distinguishable on its facts from this one, in that there McLeroy held the automobile involved in his own possession in Shelby county under the averment that he had also converted it to his own use, then it would seem to have been in principle and effect overruled by the Pierce Case, supra, in its differing determination of what constituted a necessary party within the purview of such subdivision 29a.

(5) Appellant's claimed lien being superior, therefore, to that of the appellee, it was plainly not a necessary party to the suit to thus foreclose the inferior one. Hague v. Jackson, 71 Tex. 761, 12 S.W. 63; Lorenz v. Mingus State Bank (Tex.Civ.App.) 60 S.W.(2d) 462, writ of error refused.

(6) Appellant was not suable with the makers of this deed of trust note in the county where it was payable as a necessary party to the proceeding, since it was not otherwise connected in any way with the cause of action and merely held a lien upon the same property, hence was a proper rather than a necessary party whether or not its lien was superior. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S. W.(2d) 347; Biggs v. Miller (Tex.Civ. App.) 147 S.W. 632; McCarroll v. Edwards (Tex.Civ.App.) 22 S.W.(2d) 684; Butman v. Jones (Tex.Civ.App.) 24 S.W. (2d) 796; Umberson v. Krueger (Tex.Civ. App.) 49 S.W.(2d) 528; First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.(2d) 756;

Towne's Texas Pleading (2d Ed.) p. 258; Sumner v. Jester (Tex.Civ.App.) 252 S. W. 1088; Shelton v. O'Brien (Tex.Com. App.) 285 S.W. 260; Johnson v. Bank (Tex.Civ.App.) 42 S.W.(2d) 870; Milmo Nat. Bank v. Rich, 16 Tex.Civ.App. 363, 40 S.W. 1032; Reagan v. Evans, 2 Tex.Civ. App. 35, 21 S.W. 427; Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850.

Without further discussion, it follows from these conclusions that the judgment as affects appellant should be reversed and the trial court instructed to transfer the cause as to it to Tarrant county where it resides; it will be so ordered.

Reversed and remanded, with instructions.