### BECKHAM v. PANTEX PRESSING MACH., Inc.

### No. 10894.

Court of Civil Appeals of Texas. Galveston.
Dec. 14, 1939.

Rehearing Denied Jan. 4, 1940.

Jones & Jones, of Mineola, for appellant.

Burris & Benton, of Houston, for appellee.

GRAVES, Justice.

This statement from the appellee's brief, slightly interlined without changing its general purport, is considered sufficient basis for the opinion:

"This was a suit brought in Harris County Court at Law by the appellee against the appellant and W. H. Raley, both residents of Wood County, Texas, to recover the balance due on a note executed by the defendant, W. H. Raley, payable to the appellee, in the sum of $620.00, which note was payable at its office at 1006 Washington Avenue, in the City of Houston, Harris County, Texas.

"Appellee alleged that the note for $620.-00 was secured by a conditional sales contract executed by the defendant, W. H. Raley, covering certain laundry and cleaning machinery, as set out in said contract, which machinery was placed in a building in the City of Mineola, in Wood County, Texas, which building belonged to the defendant, J. L. Beckham.

"Paragraph IX of its original petition was as follows:

"'That the defendant, J. L. Beckham, is now in possession of the building in which said personal property described herein is located and is also in possession of said personal property and is claiming some sort of interest in said personal property, the exact nature of which is unknown to the plaintiff (appellee herein); that any interest or claim of the said J. L. Beckham, if he has a valid or legal claim to said personal property or any part thereof, is inferior and subject to the rights of plaintiff under the two conditional sales contracts described in this petition.'

"Its prayer was this:

"'Plaintiff prays that the defendants, and each of them, be cited to appear and answer this petition, and upon final hearing hereof that it have judgment against the defendant, W. H. Raley, for the amount of its debt, interest and attorney's fees; that it have foreclosure of the lien created by the Conditional Sales Contract described herein against both defendants herein, for all costs of court, etc. * * *'

"The defendant, W. L. Raley, filed no answer, and the defendant, J. L. Beckham, filed his plea of privilege in statutory form, which the court overruled, and from that action he has prosecuted this appeal.

"Appellee, in answer to the defendant, J. L. Beckham's, plea of privilege, filed its controverting affidavit in due time, which contained, among other things, the following allegations:

"'Plaintiff hereby refers to its original petition on file in this cause and in addition to the matters and facts set out in this controverting plea, hereby incorporates by reference in support of this plea, all matters and facts set out in its original petition, the same as if said original petition was copied herein verbatim.'

"Appellee also alleged in its controverting affidavit this:

"'Plaintiff would further show that said personal property at the time of the filing of plaintiff's original petition in this cause, was located in Mineola, Texas, in a building owned by the defendant, J. L. Beckham, and said building was in the possession of the said J. L. Beckham, and the said J. L. Beckham had possession of the building and the personal property described herein upon which plaintiff has a mortgage lien, and the defendant, J. L. Beckham, refused to release said personal property, claiming that he held a prior lien thereon to secure the payment of certain rentals, alleged to be due him by the defendant, W. H. Raley, in this cause; that the defendant, J. L. Beckham, was at the time of the institution of this suit, and is still, asserting some claim or interest in said personal property and the right to the possession of the same and for such reason is a necessary party to this action, as a judgment against the defendant, W. H. Raley, alone, would be futile unless the party in possession of said personal proper-

ty, the defendant, J. L. Beckham, was also foreclosed by said judgment.'"

The oral testimony offered fully sustained all of these quoted averments, especially those to the effect that appellant, Beckham, was also in possession of the machinery, upon which the appellee corporation had a valid and subsisting mortgage, and that he was claiming, against the appellee, the right to retain such possession—even keeping the machinery in his building, to the exclusion of the appellee, under lock and key—unless and until his asserted claim for rent against the same had been paid, either by it or somebody else; indeed, the appellant does not in any way deny the fact that he was so in possession of the mortgaged property under such claim of right thereto, nor his refusal to yield up the same to the appellee unless and until his claimed rent had been paid.

The record also indisputably shows that the appellee had caused a writ of sequestration to issue out of this same court— the county court at law of Harris County— prior to the hearing below of this plea of privilege, against the appellant, and that, pursuant thereto, it had taken into its own possession, as against him, the mortgaged property on September 24 of 1938.

As is apparent from the issue as to venue so joined by the parties, the right of the appellee to sue appellant in Harris County, as for a foreclosure of its claimed lien against the machinery, is grounded by the appellee upon Section 29a of R.S.Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 29a, pursuant to its averment that he was, by reason of his possession of the property and his refusal to yield the same to it, a necessary party to its foreclosure-suit, within the meaning of that subdivision; whereas, the appellant's position, on the other hand, is, as applied to the facts here involved, that he was not such a necessary party, because, to use his own language, "it embraces only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had." He cites as his main authority for that position First National Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756, and West Texas Construction Co. v. Guaranty B. & L. Co., Tex.Civ.App., 93 S.W.2d 774.

 This court concludes the learned trial court was correct in holding the appellant to have been such necessary party in the particular circumstances here ob-

taining, under this definition of what a necessary party under that subdivision is in such circumstances, given by the Supreme Court in Pioneer B. & L. Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, 287: "Every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a."

 The differentiation between this cause, therefore, and those upon which the appellant so relies, especially the cited West Texas Construction Company case, by this court, 93 S.W.2d 774, is that none of those causes involved the application of Subdivision 29a to the foreclosure of a chattel-mortgage, in which the parties sought to be joined with the mortgagor were in possession of the mortgaged chattels, as is the distinctive situation in this instance; it further seems clear that our courts—in states of fact not in legal effect different from those here so obtaining— have consistently held that a person in possession of mortgaged property, so holding and refusing to deliver it over to the mortgagee, is a necessary party within Subdivision 29a, in a suit to foreclose the mortgage on that particular property—that in no other way could the "full relief" the Supreme Court so pronounced to be essential in the Gray case, supra, be obtained.

Since these conclusions require an affirmance of the trial court's judgment, it will be so ordered.

Affirmed.