## SMITH v. FIRST NAT. BANK IN GROVETON.

### No. 11067.

Court of Civil Appeals of Texas. Galveston.
Dec. 12, 1940.

Adams & Morgan, of Crockett, for appellant.

Crow & Chessher, of Groveton, for appellee.

GRAVES, Judge.

This appeal is from a judgment of the Special Ninth District Court of Trinity County, of date January 13, 1940, overruling a plea of personal privilege of the defendant, F. A. Smith, in cause No. 6760 on the docket of such court, styled First National Bank in Groveton v. W. H. Moore et al., to be sued therein in Houston County, where he resided, rather than in Trinity County where the venue was laid.

The appellee concedes this to be a substantially correct statement of the nature and result of the suit, to-wit:

"On December 8, 1939, this suit was filed in the District Court of Trinity County by appellee, First National Bank in Groveton, against appellant, F. A. Smith, and W. H. Moore and John Moore, it being alleged by plaintiff that W. H. Moore and John Moore were partners, operating as J. S. Moore & Sons. W. H. Moore and John Moore were residents of Angelina County, Texas, and appellant, F. A. Smith, was a resident of Houston County, Texas. F. A. Smith promptly and timely filed his plea of privilege to be sued in Houston County; appellee promptly and timely filed its controverting affidavit to the plea of privilege, to which appellant excepted; and this issue was tried before the judge of the district court without a jury, on January 13, 1940, when judgment was rendered overruling the general demurrer and plea of privilege of appellant. To this action, appellant in open court excepted, gave notice of appeal, filed his appeal bond, and this is the appeal from that judgment.

"This is a suit upon two promissory notes, signed 'J. S. Moore & Sons by W. H. Moore', both dated in 1938, and payable to the order of plaintiff, and being re-

spectively for the sums of $6,000.00, and $3,500.00. These notes are as follows:

" '$6000.00

" 'Groveton, Texas, Nov. 16, 1938.

" 'Four months after date, without grace, I, we, or either of us, as joint principals, promise to pay to the order of
" 'First National Bank in Groveton

" 'Six Thousand & No/100————Dollars at the office of the First National Bank in Groveton, Groveton, Texas, with interest at the rate of eight per cent per annum from *date* until paid, and ten per cent attorney's fees (minimum fee of $10.00) if collected by law, or placed with attorneys for collection. Value received. The makers and endorsers of this note hereby waive demand, protest and notice of non-payment and consent to the extension of the same without notice. Full authority is hereby given said bank or other legal holder hereof, upon non-payment at maturity, to sell at any time thereafter any collateral pledged as security hereto, either at public or private sale without notice, and said bank or other legal holder hereof may become the purchaser of such collateral and have clear title thereto.

" 'Due 3-16-39 No. 4625
" 'Int paid to
" 'Security 4-11-39

J. S. Moore & Sons
By W. H. Moore
" 'Credit

| " 'Date | Amount | Balance |
| --- | --- | --- |
| | | |
| | | |
| | | , |

" '$3500.00

" 'Groveton, Texas, Nov. 16, 1938.

" 'On Demand after date, without grace, I, we, or either of us, as joint principals, promise to pay to the order of

" 'First National Bank in Groveton

" 'Thirty five hundred and No/100—Dollars at the office of the First National Bank in Groveton, Groveton, Texas, with interest at the rate of eight per cent per annum from *date* until paid, and ten per cent attorney's fees (minimum fee of $10.00) if collected by law, or placed with attorneys for collection. Value received. The makers and endorsers of this note hereby waive demand, protest and notice. Full authority is hereby given said bank or other legal holder hereof, upon non-payment at maturity, to sell at any time thereafter any collateral pledged as security hereto, either at public or private sale without notice, and said bank or other legal holder hereof may become the purchaser of such collateral and have clear title thereto.

" 'Due ———— No. 4626
" 'Security Int paid to 4-11-39

J. S. Moore & Sons
By W. H. Moore.
" 'Credit

| " 'Date | Amount | Balance |
| --- | --- | --- |
| | | |
| | | |
| | | , |

"It will be noticed that they provide for eight per cent per annum interest, and for a ten per cent attorney's fees; and the suit is for the principal, interest, and attorney's fees due on the notes.

"The appellant, F. A. Smith, is sued upon the theory that, about June 17, 1935, J. S. Moore & Sons applied to plaintiff for a line of credit and for a loan of $10,000.-00, and that F. A. Smith executed his written guarantee and suretyship for the loan of $10,000.00 and for a $10,000.00 line of credit, the alleged guarantee being as follows:

" 'Groveton, Texas
" 'June 17, 1935.
" 'First National Bank in Groveton
" 'Groveton, Texas.

" 'Dear Sirs:—

" 'You have loaned J. S. Moore and Sons $10,000.00 and I hereby guarantee the payment of same, and any renewal of same or further extensions of credit.
" 'Yours very truly,
" '(Signed)   F. A. Smith
" 'F. A. Smith.'

"Plaintiff alleges that the notes sued upon were loans and indebtedness incurred by J. S. Moore & Sons, made in the course of the alleged line of credit and in reliance upon the above-alleged guarantee of F. A. Smith.

"The controverting plea set forth the foregoing, and alleged that the notes sued on were written upon the printed forms of the Bank, that F. A. Smith was familiar with such forms and knew that all of the notes and indebtedness were payable in Trinity County, Texas, and that he contracted in writing to perform his alleged guarantee in Trinity County, Texas; that the notes sued on are a continuation of the alleged guarantee contract of F. A. Smith, and that this agreement and the

notes sued on are but one and the same obligation, which is in writing to be performed in Trinity County, Texas. That for these reasons, Section 5 of Article 1995, R.C.S., is applicable, and the suit is maintainable in Trinity County, Texas. Appellee further pleaded that John Moore and W. H.. Moore were partners, that the district court of Trinity County had venue of the suit as against them, and that F. A. Smith was a necessary party to said suit; and further, that F. A. Smith, by virtue of the alleged guarantee, became jointly and severally liable with John Moore, W. H. Moore, and J. S. Moore & Sons, upon these promissory notes; that the suit was instituted for recovery against all the defendants, jointly, as well as severally, and F. A. Smith was a necessary party thereto; that the suit 'was' properly maintainable against the Moores, and F. A. Smith was a necessary party, and the district court of Trinity County had venue under Section 29a of Article 1995, R.C.S. Appellee further alleged that J. S. Moore & Sons is a partnership and association within the meaning of Section 23, Article 1995, R.C.S., upon a cause of action that arose in Trinity County, Texas, and that F. A. Smith is a necessary party to the suit."

This further résumé of what are deemed the most material if not the controlling features of the evidence heard below upon the issues thus joined by appellant's plea of privilege and the controverting affidavit of the appellee bank, taken from the former's brief, is thought to be correct, if not in fact without dispute:

"Upon the plea of privilege hearing, the defendant F. A. Smith, offered no evidence, and the evidence offered by appellee is contained in 37 pages of the Statement of Facts. Briefly, it was as follows: The notes sued on and signed 'J. S. Moore & Sons, by W. H. Moore', and the alleged guarantee signed by F. A. Smith, were introduced. L. P. Atmar, President of appellee, testified that he was acquainted with the firm of J. S. Moore & Sons, that W. H. Moore is a member of the firm, that he thinks W. H. Moore had a brother, that F. A. Smith signed the alleged guarantee in his presence, and brought W. H. Moore to the Bank and asked for a loan of $10,-000.00 and stated that he, F. A. Smith, would guarantee the payment; that he, L. P. Atmar, prepared the original note for $10,000.00, and letter of guarantee, the guarantee and note being signed June 17,

1935. That it was contemplated by Mr. Atmar, Mr. Smith, and J. S. Moore & Sons, that 'this was an application for a line of credit and that in the future there would have to be additional credit advanced to the firm.' That afterward, J. S. Moore & Sons, at different times, made various loans from the First National Bank in Groveton, and a ledger-sheet indicating these loans was produced and is in the Statement of Facts. There are about twenty notes shown on the statement. That J. S. Moore & Sons had been making loans with the Bank off and on for ten or fifteen years, and that each time a loan was made to J. S. Moore & Sons, notes on the Bank's printed forms were executed by them to the Bank. That F. A. Smith spent considerable time in the Bank, and was present many times when notes for other people were prepared by Mr. Atmar. That the Bank continued to carry a line of credit with J. S. Moore & Sons, and Mr. Smith always came with Mr. Moore and made application for these loans and asked Mr. Atmar to make them, and on several occasions came to the Bank alone and signed notes for J. S. Moore & Sons. That at one time, on July 15, 1936, J. S. Moore & Sons were out of debt to the Bank (this was shown by the copy of the Bank records in the Statement of Facts between pages 14 and 15). That J. S. Moore & Sons have always operated as a partnership, and held themselves out as partners, and always acted through either J. S. Moore in his lifetime, or W. H. Moore since the death of J. S. Moore, who is now deceased. That neither W. H. Moore nor John Moore nor F. A. Smith resides in Trinity County, Texas. That Mr. Atmar did not know how many members were, or are, in the firm of J. S. Moore & Sons, or whether his widow or daughter continued as members of the firm. There was no evidence that J. S. Moore & Sons was a partnership, other than the general understanding of L. P. Atmar; or that W. H. Moore and John Moore composed the partnership; or that there had been no change in the membership of the partnership after F. A. Smith executed the alleged guarantee and before the creation of the debts sued for."

On the record thus presented, it is concluded the learned trial court erred in overruling the plea; that no one of the relied-upon subdivisions of R.S. Article 1995, Vernon's Ann.Civ.St. art. 1995, overrode the otherwise affirmative and valuable

right of the appellant, under that statute, to be sued in Houston County, where he had his domicile.

■ In the first place, it seems plain that the two contracts severally sued upon, that is, the notes against Moore & Sons, and the guarantee against the appellant, were, under our authorities, separate and distinct ones, without any intrinsically-stated mutuality of obligation as to either by the makers of the other, and that, while the notes expressly bound the signers of them on the face thereof to pay them in the county of the suit, the declared-upon guarantee by the appellee did no such thing; there was therefore on the face of the papers themselves no joint obligation as between the several parties to these distinct and different undertakings upon their part, hence, while the Moores (or such of them as constituted the alleged firm) at the time material to the suit, were obligated to answer in the specified county of Trinity—although neither they nor appellant lived there—no such agreement upon their part could be so extended beyond its plainly expressed meaning as to likewise bind the appellant to go outside of his home county of Houston. 21 Tex.Jur., page 169; Lasater v. Waits, 95 Tex. 553, 68 S.W. 500; Behrens Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 48 S.W. 5; Lindheim Bros. v. Muschamp, 72 Tex. 33, 12 S.W. 125; Jarecki Mfg. Co. v. Hinds, Tex.Civ.App., 295 S.W. 274; 43 Tex.Jur., paragraph 19, page 732; Holloway v. Blum, 60 Tex. 625; Hamlin et al. v. Aetna Casualty & Surety Co., Tex.Civ.App., 13 S.W.2d 382; Employers' Casualty Co. v. Wm. Cameron, Tex.Civ.App., 288 S.W. 584; Scarbrough & Davis v. Culp, Tex.Civ.App., 276 S.W. 743; Stribling et al. v. American Surety Co., Tex.Civ.App., 41 S.W.2d 300; Farmers' & Merchants' Nat. Bank v. Lillard Milling Co., Tex.Civ.App., 210 S.W. 260; Phipps v. Willis, 11 Tex.Civ.App. 186, 32 S.W. 801.

The several obligations being thus separate and distinct and each party thereto being so answerable only upon his own independent undertaking, and, as just indicated, none of them being residents of the county of the suit, it seems plain—under these differing documents—that the Moores and Smith were not jointly and severally liable to the appellee bank; wherefore, there was no venue against this appellant under either Subdivisions 4 or 5 of Article 1995, Vernon's Ann.Civ.St. art.

1995, subds. 4, 5. Farmers' & Merchants' Nat. Bank v. Lillard Milling Co., supra.

■ In the second place, appellant was not a necessary party under Subdivision 29a to the bank's suit, within the rule applied in such cases as Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, and Pioneer Building & Loan Ass'n v. Gray, 132 Tex.509, 125 S.W.2d 284. In the Heid Bros. case the defendants were engaged in a joint enterprise, while in the Gray case, Gray was a grantee of the mortgaged realty sought to be foreclosed upon, wherefore, in both instances, the challenged venue was sustained because of those inhering conditions under Subdivision 29a, whereas here there were no such determinative facts present in either particular—a guarantor, such as Smith was, being neither in a joint enterprise with the appellee bank, nor holding such an interest in any real property involved in the litigation, as rendered it impossible for the bank to get full relief against the Moores on their notes without him. Indeed, from all the latest definitions of a necessary party within the meaning of Subdivision 29a, it is clear that the bank could have secured full relief in its suit against the Moores for judgment on their unsecured promissory notes, without the joinder of Smith, and that he was in nowise "so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." Bender v. Armstrong, Tex.Civ.App., 59 S.W.2d 451, 452; West Texas Const. Co. v. Guaranty Bldg. & Loan Co., Tex. Civ.App., 93 S.W.2d 774; Storrs-Schaefer Co. v. Shelton, Tex.Civ.App., 82 S.W.2d 156; Beckham v. Pantex Pressing Mach., Tex.Civ.App., 135 S.W.2d 188; Phipps v. Willis, 11 Tex.Civ.App. 186, 32 S.W. 801.

■ In the third place, these parties—by the undisputed state of this evidence, as summarized—were not engaged in any joint enterprise together; that is, they assumed in writing these separate and distinct classes of obligations to the bank, the Moores to meet their specifically designated promissory notes according to the face thereof, and Smith to meet his likewise specified secondary obligation only—to guarantee the payment of a $10,000 loan, or any renewal thereof, that had been made prior to June 17 of 1935 to the bank by J. S. Moore & Sons—no particular note or loan, and no place or time of payment being specified upon the face of such guar-

274

anty, hence the principle applied by this court in West Texas Const. Co. v. Guaranty Co., Tex.Civ.App., 93 S.W.2d 774, supra, applies, rather than that in Beckham v. Pantex Pressing Mach., Tex.Civ. App., 135 S.W.2d 188, supra, for the reason that neither the West Texas Const. Co. v. Guaranty Co., supra nor analogous cases, involved the application of Subdivision 29a to the foreclosure, either "of a chattel-mortgage, in which the parties sought to be joined with the mortgagor were in possession of the mortgaged chattels" [135 S.W.2d 190], or of a deed of trust upon land, of which the party sought to be joined was a vendee.

Further discussion being deemed unnecessary, the judgment will be reversed· and the cause remanded to the trial court, with instructions to transfer the same, as against the appellant, to Houston County.

Reversed and remanded, with instructions. ·