**Burtram C. HOPKINS, II, Petitioner,**

v.

**FIRST NATIONAL BANK AT BROWNS-VILLE, Texas, Respondent.**

No. B–6646.

Supreme Court of Texas.

May 18, 1977.

Rehearing Denied June 22, 1977.

Carrington, Coleman, Sloman, Johnson & Blumenthal, Danny Miller, Dallas, for petitioner.

C. Fount Ray, Brownsville, for respondent.

**PER CURIAM.**

This is a venue case. The court of civil appeals affirmed the trial court order overruling Hopkins' plea of privilege on the ground that venue was sustainable in the county of suit under Article 1995 subdivision 5(a).[1] 546 S.W.2d 84. We refuse the application for writ of error, no reversible error.

We shall briefly recite the facts in order to bring into focus the question presented. A more complete statement of the facts may be found in the opinion of the court of civil appeals.

Alleging that a note held by it was past due and had not been paid, the First National Bank at Brownsville sued the corporate maker for payment. The bank also sued Hopkins and others on their contract of guaranty. The note sued on had been executed in renewal and extension of the balance due on a note made approximately nine months previously. The guaranty had been executed at the same time as the previous note, and provided that the guarantors unconditionally guaranteed the payment of the note and of all other obligations of the debtor to the bank then or thereafter existing. The guaranty permitted the bank to alter, exchange, or renew any of the obligations guaranteed; and it stated that it was "a continuing, absolute and unconditional guaranty."

The bank's suit against Hopkins and the others was brought in Cameron County, Texas, the county where the note expressly was made payable. Hopkins duly filed his plea of privilege to be sued in the county of his domicile. The bank alleged Article 1995 subdivision 5(a) as a proper basis for venue in Cameron County. That subdivision provides:

5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. [Emphasis supplied].

Hopkins argued before the court of civil appeals that this subdivision did not apply

---

1. All statutory references are to Vernon's Annotated Texas Statutes unless otherwise indicated.

because the guaranty contract did not *expressly* name Cameron County as the place of performance. The court rejected his argument, however, and held that subdivision applicable. 546 S.W.2d 84. In so holding, the court relied on *Laukhuf v. Associates Discount Corp.,* 443 S.W.2d 725 (Tex.Civ. App.1969, no writ); *Carter v. Texas State Bank of Jacksonville,* 189 S.W.2d 782 (Tex. Civ.App.1945, no writ); and *Cullum v. Commercial Credit Co.,* 134 S.W.2d 822 (Tex.Civ. App.1939, no writ). Those cases reason that because an absolute and unconditional guaranty of a note binds the guarantor upon *all* the terms of the note, the guaranty contract includes the venue provisions of the note for subdivision 5 purposes.

Hopkins alleges this Court has jurisdiction under Article 1728 subdivision 2 because the holding of the court of civil appeals here conflicts with the decision in *Smith v. First National Bank in Groveton,* 146 S.W.2d 270 (Tex.Civ.App.1940, no writ). We believe the *Smith* case and this one are "so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other." *Garitty v. Rainey,* 112 Tex. 369, 374, 247 S.W. 825, 827 (1923). Further, the decisions of the courts of civil appeals here and in *Smith* do conflict. The *Smith* court held that the notes and the guaranty sued upon were separate and distinct undertakings; therefore, the notes' provisions for performance in a certain county could not be used to establish venue in that county under subdivision 5 in the suit against the guarantor. The *Smith* holding is such that if it were made by the court of civil appeals that decided this case, it would operate to overrule the decision below. *John Farrell Lumber Co. v. Wood,* 400 S.W.2d 307 (Tex.1966). We therefore have jurisdiction to consider the merits of Hopkins' application for writ of error.

We have considered the merits and have concluded that the judgment of the court of civil appeals below was correct. It is true that a note and a *guaranty of payment* are separate undertakings in the sense that the guarantor may be sued apart from the maker. This is true because a guarantor *of payment* is primarily liable; he waives any requirement that the holder of the note take action against the maker as a condition precedent to his liability on the guaranty. *Universal Metals & Machinery, Inc. v. Bohart,* 539 S.W.2d 874 (Tex.1976). *Contra, Cook v. Citizens National Bank of Beaumont,* 538 S.W.2d 460 (Tex.Civ.App. 1976, no writ). Indeed, the guarantor is liable on his guaranty of payment even though the maker's signature is a forgery. *Universal Metals & Machinery, Inc. v. Bohart, supra.* However, a note and its absolute guaranty cannot be considered to be "separate and distinct" when determining the extent of the guarantor's liability. The terms of the note must be examined to ascertain the guarantor's obligations under his unconditional guaranty, for by that guaranty he agrees to pay the instrument *according to its terms* if it is not paid when due. Texas Business & Commerce Code, Section 3.416(a)[2]; *Universal Metals & Machinery, Inc. v. Bohart, supra.* The guarantor's contract thus includes all of the note's terms when the guaranty is absolute and unconditional. If the note expressly states that it is payable in a certain place, then the contract of guaranty must also be said to provide expressly for the place of its performance. The holding to the contrary in *Smith v. First National Bank in Groveton, supra,* is disapproved.

Because the note in this case stated it was payable to the bank "at its banking house in Brownsville, Cameron County, Texas," Hopkins' contract of guaranty expressly named that county as the place of performance. Therefore, venue was sustainable in the suit against Hopkins in Cameron County under Article 1995 subdivision 5(a). The application for writ of error is refused, no reversible error.

---

2. Vernon's Texas Codes Annotated, Business & Commerce, § 3.416(a).