CALVIN BLAKE *vs.* DAVID SAWYER.

Somerset.     Opinion December 15, 1890.

*Statute of Limitations.     Appropriation of Payments.*

The debtor may determine to which of several debts a payment made by him shall be applied, but if he omits to exercise the right, the creditor may make the appropriation, and apply it to a debt already barred.

Such application of the payment will not remove the statutory bar with respect to the balance of the debt.  To have that effect, the appropriation must be made by the debtor himself; but the creditor may apply the payment to a debt not already barred by the statute of limitations and thereby prolong the running of the statute from the time of such payment.

ON EXCEPTIONS.

This was an action of assumpsit on a promissory note given by the defendant December 3d, 1879, for one hundred ninety-eight dollars and seventy-two cents, with interest, payable on demand, to Fuller, Buck & Co., or order.  Said note became the property of Andrew H. Buck, one of the members of the firm of Fuller, Buck & Co., at the dissolution of the firm, February 22d, 1880.  It bears on its back the indorsement, "Fuller Buck & Co.," in the handwriting of Josiah L. Fuller, member of said firm; also an indorsement as follows : "Jan. 26, 1881.  Rec'd $12.30 in work."  On that date, January 26th, 1881, it appeared in evidence that the defendant was owing Andrew H. Buck a store account, and the note in suit.  The writ is dated January 18, 1887.

The pleadings were the general issue, and statute of limitations by a brief statement.

The plaintiff introduced evidence tending to show that three unreceipted bills, amounting to twelve dollars and thirty cents, for labor performed by defendant for Andrew H. Buck, were brought to said Buck on January 26th, 1881, by defendant's minor son George, with no direction on the part of defendant as to which debt the amount of these bills should be applied to ; that Buck did at this time indorse that amount on the note in suit, and that defendant never after called on Buck for payment of these bills.

The defendant introduced evidence tending to show that, at the time the last of the three bills was presented to Buck, defendant's son George directed said Buck to apply the amount of the three bills to the payment of the store account, and refused to consent to its being indorsed on the note; also that these bills were due from Buck to the firm of David Sawyer & Son. Plaintiff introduced evidence tending to disprove the existence of the partnership.

The plaintiff's counsel claimed before the jury that if on January 26th, 1881, the defendant was owing said Buck the note in suit, and also a store account, and caused these bills, amounting to twelve dollars and thirty cents, to be presented to Buck for payment, with no direction as to which debt they should be applied to, Buck could apply them on the note if he saw fit, and thereby interrupt the running of the limitation.

On this branch of the case the presiding justice, among other things, instructed the jury as follows :

"Now the issue that you are to pass upon in this case is whether a payment of twelve dollars and thirty cents, was made upon this note as claimed by the plaintiff, and whether it was made by the defendant upon the note. As I understood the position of counsel for the plaintiff, he claims, that if the defendant caused the bills to be passed in to Buck, giving no directions as to how they should be applied, Buck, who then held the note, had the right to treat them as a payment upon the note, and apply the amount as part payment of the note. I instruct you that that is not the law. What must be shown to take the case out of the statute is a payment by the maker of the contract. It must be his act of affirmance of the contract. The holder of a contract is not permitted in a case like this to apply a payment on any contract he pleases, because it was not appropriated by the party who made a payment. But he must show you that the party making the payment made it and applied it, or made it to be applied upon the particular contract in suit. Then, you have his act upon that contract, his act of recognition of the validity of that contract, and that is what takes it out of the statute of limitation."

The verdict was for the defendant, and the plaintiff excepted to these instructions to the jury.

*J. O. Bradbury*, for plaintiff.

*Merrill and Coffin*, for defendant.

The transaction relied upon by plaintiff, as a part payment to take the case out of the statute of limitations, was in fact no payment at all, on the demand sued, or on any other demand, because there was no concurring intention on the part of defendant and Buck, nor was there any agreement to offset claims.

If the transaction referred to was a payment, it was only a general payment by a debtor owing his creditor several demands, and under such circumstances an implied promise to pay the balance of one particular claim can not be raised. For, in order to raise an implied promise the part payment must be made upon the very debt which plaintiff seeks to take out of the statute. The payment must be an unequivocal acknowledgment of the particular debt sued, not a general acknowledgment of indebtedness, for part payment can be given no greater force than any other form of acknowledgment. The general rule as to application and appropriation of payments here meets with a marked exception, and should be given no force in this particular case. The defendant cannot have intended to make a payment on this note, on January 26, 1881, for the note was originally given to a firm and indorsed to Buck, and there is no evidence that defendant, on that date, knew that Buck was the owner of the note.

WALTON, J. The right of a debtor to determine to which of several debts a payment made by him shall be applied is unquestionable. But if he omits to exercise the right, the law allows the creditor to make the appropriation. And the latter may apply it to a debt already barred by the statute of limitations. But such an application of it will not remove the statutory bar with respect to the balance of the debt. To have that effect, the appropriation must be made by the debtor himself.

But the creditor may apply the payment to any debt not already barred by the statute of limitations, and thereby prolong the running of the statute for six years from the time when the payment is made.

Apparently this distinction between a debt already barred and one not already barred was overlooked by the presiding judge in the trial of this cause; for the indorsement in question was made on the note declared on long before it would have become barred by the statute of limitations; and yet the presiding judge instructed the jury that, to take the case out of the operation of the statute, the plaintiff must show that the party making the payment made it, *and applied it*, or *made it to be applied*, upon the particular contract in suit. This would have been correct if the indorsement had been made upon a note then barred by the statute. But the instruction being given with reference to a payment made before the note on which it was indorsed had become barred, was clearly erroneous.

This distinction between debts barred by the statute at the time when the payment is made, and those not then barred, is recognized in *Pond* v. *Williams*, 1 Gray, 630, and expressly sanctioned in *Ramsey* v. *Warner*, 97 Mass. 8. And the law is so stated in Buswell on Limitations, § 81.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.