## JOY v. PEACOCK.
### No. 12744.

Court of Civil Appeals of Texas. Dallas.
July 8, 1939.

Rehearing Denied Oct. 7, 1939.

the Compress on February 1st, 1927 and that he continued in the employ of the appellant until the 15th day of August, 1936; that the agreed salary was $200.00 a month payable monthly but that on August 30, 1928, the appellant agreed to raise this salary to $300.00 and 'desired that plaintiff charge his salary for the preceding twelve months at $300.00 per month instead of $200.00 per month'. The appellee alleged in Exhibit A attached to the petition the amounts that had been received by him on his salary and the amount due him and prayed for judgment.

"The defendant answered by general demurrer, special exceptions, and general denial of the plaintiff's allegations; and also set up various and sundry allegations of irregularity in regard to the expenditure of the funds belonging to the appellant by the appellee, alleging therein that the appellee was the manager of such press with access to the bank account of such press with full power and authority at all times to draw checks and expend the money belonging to such press; and by trial amendment filed, the appellant set up lack of any consideration for the agreement in August 1928 to pay the appellee an additional $100.00 per month for the services which the appellee had already performed during the twelve months preceding the alleged making of such agreement.

"The cause was submitted to the jury on special issues and the jury found in answer to such issues: (1) that M. A. Joy and S. E. Peacock entered into an agreement on or about the month of August, 1928 whereby the salary of S. E. Peacock, as manager of Denison Compress, would henceforth be $300.00 per month, and that such salary raise should date back for the 12 month period theretofore (2) that M. A. Joy and S. E. Peacock entered into an agreement on or about the 1st of December, 1931 whereby the salary of the said S. E. Peacock as manager of the Denison Compress would henceforth be fixed at $200.00 per month; (3) that during the time S. E. Peacock was rendering services for M. A. Joy at the Denison Compress that M. A. Joy had knowledge that S. E. Peacock was claiming compensation at the rate of $300.00 a month from August 1st, 1927 to November 30, 1931; (4) that M. A. Joy, after knowing that S. E. Peacock was claiming compensation at the rate of $300.00 per month from August 1st, 1927 to November 30, 1931, failed to protest such charges while S. E. Peacock continued in

Bailey & Hammerly, of Chickasha, Okl., and Bond & Porter, of Terrell, for appellant.

Donald & Donald and J. W. Chancellor, all of Bowie, for appellee.

YOUNG, Justice.

The following statement of the nature and result of this suit in the trial court is taken from appellant's brief, omitting references to the transcript:

"This was suit by the appellee against the appellant for the sum of $4,456.55 with interest thereon claimed to be due and oweing as salary earned by the appellee while employed by the appellant as manager of the Denison Compress, owned by the appellant. It was alleged that the appellee was employed as such manager of

his employ; (5) that the trucking expense in connection with the operation of the Denison Compress was expended out of the funds of the Denison Compress with the authority of M. A. Joy; (6) that the Wilcoxson note for $541.00 was paid out of the Compress funds with the authority of M. A. Joy; (7) that the checks introduced in evidence payable to C. E. Wilcoxson were paid out of the Compress funds with the authority of M. A. Joy; (8) that the Rotary Club dues in the sum of $78.75 were paid out of the Compress funds with the authority of M. A. Joy; and (9) that the sum of $46.61 evidenced by a draft payable to J. D. Davis was paid out of the Compress funds with the authority of M. A. Joy.

"Upon such answers of the jury to such special issues, the court rendered judgment that the appellee recover judgment against the appellant in the sum of $4,587.22, with interest thereon from the 1st day of April, 1938 until paid, together with all costs of court."

The record is quite voluminous, the transcript covering 450 pages, and embodied in the amended motion for new trial are matters which form the basis of appellant's 109 assignments of error. However, counsel has performed a commendable service by presenting all assignments in 15 clearly stated propositions, the substance of same being: (1) The agreement pleaded by plaintiff whereby defendant was required to pay an additional $100 per month for the preceding twelve months, after rendition of service for such twelve-month period, was illegal and unenforceable for want of any consideration; (2) the evidence showed plaintiff to have two claims against defendant employer, one of which was valid, being for salary earned, the other, unenforceable for want of consideration; and, in this connection, that all payments for services were made by plaintiff to himself out of defendant's funds, with no opportunity on part of the latter to direct application thereof, hence plaintiff had no legal right to apply any payments to the unenforceable or illegal claims; (3) failure of pleadings and a jury finding to support the judgment fixing the alleged increased salary of $300 per month as beginning August 1, 1927; and error of the court in framing the increase of salary issue in language not supported by the pleading; (4) complaining of the court's refusal to give certain defensive issues as to whether the Wilcoxson checks were for the use and benefit of plaintiff; (5) the suit not being based on a written instrument, and there being no jury finding of interest as damages, the court improperly rendered judgment allowing 6% interest from the date the claims accrued, i. e., August 15, 1936, interest being recoverable only after judgment; (6) objections to certain issues as multifarious, and error in admission of certain evidence, particularly as to 86 letters written by defendant to plaintiff during the course of employment; (7) that the two-year statute of limitations applied to all of plaintiff's claims, except a balance of $270.81.

Plaintiff's employment with defendant at the Denison Compress began February 1, 1927, and continued to August 15, 1936, the initial salary being $200 per month. The material issue (No. 1) is here quoted: "Do you find from a preponderance of the evidence that M. A. Joy and S. E. Peacock entered into an agreement on or about the month of August, 1928, whereby the salary of S. E. Peacock, as manager of the Denison Compress would henceforth be $300.00 per month, and that such salary rate should date back for the 12 months period theretofore?" Under issue No. 2, the $100 increase terminated December 1, 1931, and plaintiff's salary was in the original amount of $200 per month for the remaining term of his employment. It is appellee's contention that under the above findings, he became entitled to $28,100 during his entire service of nine years, six and a half months, and that he had been paid, except for a balance of $4,125—the principal amount in suit. Appellant, on the other hand, in his propositions one to four, generally, contends that the retroactive agreement to pay $100 per month for a twelve months' period in which service had already been rendered, was gratuitous and without consideration, and particularly that (Prop. 3): "Where the uncontradicted evidence shows that the creditor (the employee) had charge and control over the funds of the debtor (the employer) with full right and authority to draw funds therefrom, and he does draw funds therefrom to pay his salary and the creditor has no opportunity when such payments are made to direct the application thereof, the creditor has no right to make application of such payments to an unenforcible and illegal claim which he has or claims to have against the debtor."

■ It is the opinion of the majority that these propositions should be sustained and that the trial court should not have included the $1,200 in the total amount earned by appellee from February 1, 1927, to August 15, 1936, for the reason that same was admittedly a gratuity, with no element of a consideration, hence, of itself, could not furnish the basis of any enforceable right. See Shear Co. v. Harrington, Tex.Civ.App., 266 S.W. 554; Witt v. Wilson, Tex.Civ.App., 160 S.W. 309; Underwood v. Hogg, Tex.Civ.App., 261 S.W. 556; Stone v. Morrison et al., Tex. Com.App., 298 S.W. 538; 10 T.J., Contracts, Sec. 84, p. 143. Likewise, the majority concludes that the payment of the $1,200 in back salary by plaintiff to himself was not binding upon defendant, under the doctrine of application of payments; the facts of this case falling outside the general rule that when the debtor makes a payment, without exercising his right to direct the application thereof, the creditor may appropriate it to such debts due from the creditor as he chooses. 32 T.J., Payment, Sec. 28, p. 679. The following reasons are advanced for the views just stated: That in this case, the salary payments (including the $1,200 item) were made, not by the debtor, but by the creditor himself out of the debtor's funds. There were no directions by the debtor as to the application of such payments, whether to the regular salary account or to the $1,200 retroactive item. Such payments were not made by the debtor himself, and at the time the several amounts were credited to back salary, there is no evidence, the majority considers, that defendant debtor even knew they were being so applied. The right of a creditor to make application of payments upon the failure of the debtor to indicate a specific appropriation, does not arise when the debtor has had no opportunity of direction. 48 C.J., Payment, Sec. 97, p. 650. The situation thus becomes one where no application has been made in law by either party; and justice and equity will not permit the application of funds to the extinguishment of an unenforceable demand. 32 T.J., Payment, Sec. 28, p. 681; Snyder-Bell Grocery Co. v. Hamilton, Tex.Civ.App., 276 S.W. 752.

(NOTE: The writer dissents from the above holding by the majority, that the $1,200 raise was erroneously included in the judgment, as I believe such item was properly recoverable, and will state briefly as possible my grounds. The jury having determined plaintiff's salary basis for the years involved, it is evident that the $1,200 retroactive compensation has long since been collected by him. Issues 3 and 4 were to the effect that defendant had knowledge of plaintiff's claim for the increase while the latter continued in the employment, but failed to protest such charge. Had defendant's largess of $1,200 been wholly promissory in nature, it would, of course, have been unenforceable, but plaintiff having already collected the $1,200 as a completed gift, the law, I believe, would allow the transaction to stand. 21 T. J., Gifts, Sec. 22–23, pp. 43, 44. Now, to appellant's argument that appellee, being in charge of the funds from which salary was paid, had no right to direct the application of same to an unenforceable item, that is, the $1,200 of retroactive salary; the contention being that appellant had no opportunity to direct application of salary payments. The agreement of August, 1928, for increased stipend, operating retroactively, having been found to exist (issue 1), I do not think appellant occupies the position of a debtor who has no opportunity of direction under the new arrangement. A debtor is placed in this position, when possession of his funds is secured by the creditor without his consent, First National Bank v. Gillam, 134 Okl. 237, 273 P. 261, 266; or from other causes not here shown, precluding a direction, as illustrated in Dunn v. Second Nat. Bank of Houston, 131 Tex. 198, 113 S.W.2d 165, 115 A. L.R. 730. Appellant knew that indebtedness for salary was being paid out of the employer's money and presumably under the 1928 agreement of increase. "The fundamental rule that controls the application of payments by the court is to give effect to the intention or supposed intention of the parties. When their intention can be determined with reasonable certainty, an undirected payment will be applied accordingly. If the intention is expressed, it governs; if not expressed, it may be implied or found from the contract and surrounding circumstances, and in such case will be equally respected." 32 T.J., Payment, Sec. 29, pp. 684–685; Coker v. Benjamin, Tex.Civ.App., 83 S.W.2d 373, 379. After all, there existed but one salary account between plaintiff and defendant, the basis of which was reflected by the answers to issues 1 and 2, above mentioned. The salary agreement being established by the jury, though retroactive in part, was not

the intention of the parties being effectuated by applying the funds to the oldest items of account? Rodgers-Wade Furniture Co. v. Wynn, Tex.Civ.App., 156 S.W. 340, 343; Phipps v. Willis, 11 Tex.Civ.App. 186, 32 S.W. 801.

Appellant recognizes the principle that the presumed intention of the debtor is to apply payments in the order in which items of indebtedness are incurred, but relies upon the statement from Snyder-Bell Grocery Co. v. Hamilton, supra [276 S.W. 756], that "While a creditor may apply a general payment on a just and valid demand, whether the correctness thereof be assented to by the debtor or not, the debt must be an actual and existing one. 21 R.C.L. pp. 90, 91." The quoted language of Judge Buck, in the case just cited, is clarified by a further reference to Ruling Case Law, which is evidently the source of the principle announced. The following section (98) of the text (21 R.C.L. pp. 93, 94) sets forth the general rule involving application of payments to illegal or unenforceable demands: " * * * It is generally held that a creditor receiving payments from his debtor without any direction as to their application, may appropriate them to any legal debt which he holds against him, even if such debt would not support an action because the law, without prohibiting the contracting of such a debt, has declared that no action shall be maintained on it. Thus in cases wherein no recovery could be had because the contract was not under seal, the courts have held that the creditor's appropriation of a debtor's undirected payment to such demands was proper."

See, also, notes to Blake v. Sawyer, 83 Me. 129, 21 A. 834, 12 L.R.A. 712, 23 Am. St.Rep. 762. Ruling Case Law, supra, refers to Armour Packing Co. v. Vinegar Bend Lumber Co., 149 Ala. 205, 42 So. 866, 13 Ann.Cas. 951, as holding a different view, but the case just cited was distinguished by Judge Hickman, while on the Eastland Court, in Compton v. Jennings Lbr. Co., Tex.Civ.App., 295 S.W. 308, 310. The question presented in both cases was as to whether a creditor foreign corporation had the right, without the debtor's consent, to apply payments to its demands which were unenforceable, because of noncompliance with the conditions upon which it might do business in the state. I quote from the opinion of the Eastland Court: "We do not know in what respects, if any,

the statutes of Alabama differ from those of Texas; but under our statute these debts are not illegal. By article 1536, R.S.1925, the doors of our courts are closed to a foreign corporation doing business in this state without permit. The effect of this article is to make the claims unenforceable in our courts, but not illegal or void. * * * We hold that, in the absence of a direction by the debtor, the creditor had the right to apply the payments on account to the items first falling due, even though some of these items of indebtedness accrued prior to the issuance of permit to do business in Texas. 30 Cyc. p. 1236, par. B."

NOTE: End of writer's dissent to the action of the majority on above propositions.)

 Appellant further urges a want of pleading or jury finding on which to base the court's judgment fixing August 1, 1927, as the commencement of plaintiff's increased salary. We think this particular contention is correct, and that the initial date of the $300 monthly salary was not earlier than August 31, 1927, considering the record in its entirety. The general tenor of plaintiff's pleadings, excepting certain allegations of his trial amendment, was with reference to the latter date. In his first amended petition, the agreement for increase is alleged: "That plaintiff, in pursuance of said oral contract entered into the service of and for said defendant as manager of said Denison Compress, on to wit, February 1, 1927 and continued to perform his services as manager thereof until on or about August 30, 1928, at which time the defendant informed this plaintiff that his services were worth more than $200.00 per month, and that he desired that plaintiff charge his salary for the preceding twelve months at $300.00 per month instead of $200.00 a month, as originally agreed upon, * * *. Plaintiff further shows that he continued to perform said services for the said defendant at said agreed salary of $300.00 per month from said August 31, 1927 continuously until November 30, 1931, * * *."

Further allegations in the same connection were: "That from August 31, 1927 to August 31, 1928 under the rearranged salary agreement of $300.00 per month, as hereinbefore alleged, defendant earned the sum of $3,600.00 * * *."

The language of issue No. 1, answered affirmatively by the jury, has been already

quoted. The trial court was not warranted in fixing the earlier date for the retroactive salary to commence, coming as it does from testimony either disputed or from interested sources. We think the time element in the above mentioned issue is referable to the above consistent allegations of his petition, with appellee's own testimony in support; for a finding that an event occurred "on or about" a certain month cannot be construed accurately as other than the last of said month, in fairness to the party adversely affected. Error thus resulted to the prejudice of the defendant in the amount of $100. Proposition No. 7, however, is otherwise overruled.

■■ Issue No. 7 of the court's charge was: "Do you find from a preponderance of the evidence that the checks introduced in evidence payable to C. E. Wilcoxson were paid out of the Compress funds without the authority of M. A. Joy?", to which the jury answered "No". Appellant bases a further proposition on the court's refusal to give his two requested issues, viz: "E. Has the defendant shown by a preponderance of the evidence that any part of the checks introduced in evidence payable to C. E. Wilcoxson and which were paid out of the funds of the Denison Compress went for the use and benefit of the plaintiff, S. E. Peacock?" and. "F. What amount in money has the defendant shown by a preponderance of the evidence of such Wilcoxson checks inquired about in Issue E went to the use and benefit of the plaintiff, S. E. Peacock?" Appellant plead, and the evidence was sufficient to raise issues, not only that these checks were unauthorized, but that the proceeds of one or more went to the individual use of appellee. The checks, ten in number, were written and signed by appellee, manager of the Compress. Aside from other testimony, two witnesses of appellant, experts in handwriting, stated that, in their opinion, the indorsement "C. E. Wilcoxson" on the back of two checks was in the same handwriting as the face thereof. Another of the checks was deposited to appellee's personal bank account, Mr. Peacock testifying that same was cashed by him for the convenience of payee. Of course, appellee logically argues that issue No. 7, establishing that these checks were issued to the payee therein on authority of M. A. Joy, is decisive of the principal issue involving the particular instruments; for, if the funds were rightfully transferred to Wilcoxson, the latter's disposition thereof, or any inquiry of who may have subsequently benefited thereby, became wholly immaterial matters. On the other hand, during appellee's connection with the Compress, Mr. Wilcoxson had been financed by appellant in the purchase of cotton for his compresses, the record indicating a heavy resulting indebtedness from Wilcoxson to M. A. Joy. If any of these checks, though drawn and authorized as indicated in the issue, were for the use and benefit of appellee, he should be charged therewith in this accounting between the parties, Wilcoxson's debt being lessened to such extent. The refused issues sought to elicit these facts, if they existed, and should have been given. "Not only is the plaintiff entitled to have his theory of recovery submitted, but also the defendant has the right to have presented the issue or issues embodying a defense pleaded by him, provided such issues are supported by sufficient testimony." 41 T.J., Trial—Civil Cases, Sec. 222, p. 1015. It is our opinion that this case should be reversed and remanded for another trial, relative to whether any part of the $850 of Wilcoxson checks was, in fact, for the use and benefit of appellee, as presented by the defensive issues just discussed; and that, otherwise, the judgment of the trial court should be reformed and affirmed, as hereinafter indicated.

■ Appellant next assigns error in allowance of interest on the amount recovered from August 15, 1936—the date plaintiff's cause of action accrued—instead of from date of judgment, the decree not being based on a written contract, or a jury finding of interest as damages. As already appears, plaintiff's main demand was for unpaid salary to August 15, 1936, when plaintiff left defendant's employ; said balance being alleged as $4,125, which, plus a small expense account claimed as due, made the amount in suit, $4,179, pleading for interest thereon from said date at 6%. The jury verdict established plaintiff's contract of employment, as alleged, and denied the defendant's counter claims, whereupon the court found the unpaid balance to be the sums sued for by plaintiff, due August 15, 1936, allowing interest at 6% from said date to judgment, the final decree, of course, bearing legal interest until paid. Appellant cites many cases, of which Morriss v. Hesse, Tex.Com.App., 231 S.W. 317, is typical, all clearly holding that in a jury trial, the verdict constitutes the sole basis

of judgment, and that interest cannot be allowed from the accrual of the cause of action to date of judgment, in absence of a jury finding awarding such interest. The cases relied on by counsel include Mack-International Motor Truck Corp. v. Coonrod, and Gamer Paper Co. v. Tuscany, Tex.Civ.App., 264 S.W. at pages 129 and 132, respectively; also Davis v. Cochran, Tex.Civ.App., 275 S.W. 423, from the San Antonio Court. All of these opinions antedate Ewing v. Wm. L. Foley, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627, and Judge Smith, in Texas Mexican Ry. Co. v. Canales, Tex.Civ.App., 299 S.W. 668, 670, made mention of the fact that the Foley case had settled the law on the particular subject somewhat differently than had theretofore been held by various appellate courts. We quote from the Canales case:

"It has been held in a great many cases in Texas, almost uniformly so up to a year or two ago, that, inasmuch as the plaintiff in a suit of this character was not entitled to interest eo nomine, but only as damages, judgment therefor was authorized only in response to a specific jury finding for that purpose. But the rule, or the authorities which established and maintained it, seemingly have been superseded, so that now the established rule is that, where damage has been found by a jury upon specific findings, the party recovering is entitled, as a matter of law, to interest upon such damages from the day it is sustained, and a trial court may include the interest item in the judgment, even in the absence of a jury finding for such interest, Ewing v. Foley, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Texarkana & F. S. R. Co. v. Brinkman (Tex.Com.App.) 292 S.W. 860. Upon this authority we overrule appellant's fourth proposition."

Ewing v. Wm. L. Foley, supra [115 Tex. 222, 280 S.W. 504, 44 A.L.R. 627], has been since consistently followed and an excerpt therefrom seems decisively adverse to appellant's contention here, the facts being quite analogous: "In the instant case the necessary and controverted fact issues were submitted to the jury and found by the jury in favor of defendant in error, and, as stated above, it was unnecessary for the trial court to submit the issue of interest to the jury, as there were no additional or controverted facts to be found upon which it should be based or calculated, and it was within the province of the court,

as a matter of law, to enter judgment for the interest as prayed for."

■ The tenth proposition of appellant submits that issue No. 1, above set forth, is multifarious. Only one subsequent oral agreement of the date in question was there inquired about, though more than one fact was involved therein. In Hunter v. B. E. Porter, Inc., Tex.Civ.App., 81 S.W.2d 774, 775, a similar agreement was in issue, embracing as framed, several fact elements. The same objection was there raised to the question, and overruled, Judge Looney stating on the point: "Defendant objected to this issue as multifarious, contending that each fact or element constituting the issue should have been submitted separately. The charge grouped the facts and presented the issue according to the contention of plaintiff, which we think was correct. It is proper to group the facts constituting a ground of recovery or defense relied upon, but improper to emphasize each separate fact constituting the group by submitting a separate issue thereon; besides, such a submission would be objectionable as requiring evidentiary findings. See Hines v. Hodges (Tex.Civ.App.) 238 S.W. 349, 352; City of Abilene v. Moore (Tex.Civ.App.) 12 S.W.2d 604, 605; International-Great Northern R. Co. v. King (Tex.Civ.App.) 27 S.W.2d 357; Abel v. Maxwell Hardware Co. (Tex.Civ.App.) 28 S.W.2d 312."

■ It is argued in further propositions that the court improperly allowed in evidence (1) certain sections of plaintiff's superseded original petition; also, (2) a great volume of letters written by defendant to plaintiff during the nine years' relationship of employer and employe. We conclude the action of the court in these particulars was not error. The first evidence complained of was but relative to further portions of plaintiff's former pleading, a preceding paragraph of which had already been admitted at the instance of defendant, and was but explanatory thereof. As to defendant's letters written to plaintiff through the course of years,—and in reviewing them, we are forcibly reminded of Job in his lamentation: "Oh, that * * * mine adversary had written a book". Defendant earnestly contends that the letters in question bore not at all on the material issues before the jury, and in their continuous praise of plaintiff in

his fine ability, both in methods and results, were highly prejudicial.

Evidence offered by one party to a lawsuit is generally intended to prejudice the opposition in the eyes of the jury, but testimony is never excluded for this reason if it is at all relevant and material; and communications between parties, germane to the issues pleaded and raised, are always admissible. Defendant, in his lengthy trial answer, denied in toto the demands of plaintiff, and, in cross-action, attempted to recover for many items aggregating $11,000, including more than $7,000 in alleged illegal and unlawful trucking expense; other allegations implied dishonest and improper accounting; breach of trust; dissipation and conversion of funds; defendant testifying, in effect, that he knew nothing of plaintiff's claims or of the Compress affairs, until subsequent to the filing of suit. In the light of the entire record, we are not prepared to say the trial court abused his discretion in admitting these letters, though this appeal is thereby rendered burdensome and expensive.

Appellant's remaining propositions have been considered, but, of necessity, are overruled by reason of conclusions already expressed on defendant's preceding propositions and assignments.

Rule 62a for Courts of Civil Appeals being applicable to the case at bar, it is the opinion of the majority that the judgment here appealed from should be reformed and affirmed for $2,029.65 with 6% interest from August 15, 1936, until paid; which amount is arrived at by deducting from the original recovery of $4,179.65, the sums of $100, of $1,200 and of (checks) $850; the writer dissenting only as to the elimination of the $1,200 of back salary, for reasons heretofore stated. To the above extent, the judgment of the court below is reformed and, as reformed, is affirmed. However, as to the Wilcoxson checks, identified in the record by exhibits 46 to 55, and only as to such items, the cause is remanded for new trial; after which, the trial court is instructed to enter judgment for the plaintiff, S. E. Peacock, against defendant, M. A. Joy, for the sum of $2,029.65, with interest as aforesaid, together with such additional amount, if any, as may be due plaintiff, Peacock, upon determination of appropriate issues involving said checks. The judgment under review is accordingly reversed and this cause is remanded with these instructions.