**TEXARKANA & F. S. RY. CO. v. BRINKMAN.  (No. 772–4750.)**

Commission of Appeals of Texas, Section B.
April 6, 1927.

1. Eminent domain ⏣⟶247(1)—Interest held properly allowed in condemnation award, notwithstanding statute fixing damage rule does not mention interest (Rev. St. 1925, art. 3265).

Notwithstanding silence of Rev. St. 1925, art. 3265, fixing rule of damages in condemnation proceeding as to allowance of interest, *held*, that court properly allowed interest in condemnation proceedings from time of commissioner's award.

2. Eminent domain ⏣⟶247(3)—Where landowner pleaded for interest, and facts found authorized it, interest was properly added to verdict, though question not submitted, nor submission requested.

Where landowner pleaded for allowance of interest on appeal from commissioner's award in condemnation proceedings, and facts found authorized interest as matter of law, *held*, that court properly added interest to jury's verdict from time of commissioner's award, though question of interest was not submitted to jury, nor was submission requested.

3. Trial ⏣⟶340(5)—Where jury's findings do not include interest, but authorize interest as matter of law, and petition prays allowance, court will add same.

Where facts found by jury are such as to authorize addition of interest as matter of law, such interest will be added, where it is clear that jury had not already included interest, and where interest was prayed for in petition.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Condemnation proceedings by the Texarkana & Ft. Smith Railway Company against H. E. Brinkman. From the commissioners' award, both parties appealed. A judgment of the Court of Civil Appeals (288 S. W. 852) affirmed the judgment of the county court awarding defendant damages, and plaintiff brings error. Affirmed.

M. T. Bell and Orgain & Carroll, all of Beaumont, for plaintiff in error.

Oliver J. Todd, Charles S. Pipkin, and A. D. Moore, all of Beaumont, for defendant in error.

POWELL, P. J. The nature and result of this cause in the trial court are admirably stated by the Court of Civil Appeals as follows:

"This is an appeal from a judgment in condemnation proceedings. Appellant filed its petition in the county court at law of Jefferson county, Tex., for the condemnation of certain land belonging to appellee, on May 9, 1917. Commissioners were duly appointed, and after notice and hearing, on May 19, 1917, awarded damages to appellee in the sum of $1,000. On May 26, 1917, appellee filed his exceptions to the award on various grounds, among which was that the amount awarded for the land condemned was insufficient, in that he should have had awarded him the sum of $5,000 for the land actually taken, and the further sum of $15,000 as damages to his remaining lands, and prayed that the cause be set for hearing, and that, upon a final hearing of same, he have judgment for damages in the sums claimed by him. Appellant, on May 29, 1917, also filed its exceptions to the award, on the ground that the award of $1,000 was excessive, in that the value of the land actually taken was only $350, and prayed that, upon a final hearing, appellee be awarded compensation for the property taken in a sum not to exceed $350.

"On May 21, 1917, appellant, desiring to go into immediate possession of the property condemned, paid the costs awarded against it, and deposited the sum of $2,000 in the county court, and made bond for the payment of any further costs that might be adjudged against it, as required by law (article 3268 [6530] Revised Civil Statutes 1925), and took possession of the land condemned.

"The cause remained pending in the county court, and, after various amendments to their pleadings by the parties, on July 24, 1925, was duly tried before the court with the aid of a jury, and judgment rendered awarding to appellee the sum of $5,520 ($900 for the land actually taken, and $4,620 as damages resulting to the remainder of appellee's land), with interest on said sum at the rate of 6 per cent. from May 19, 1917, the whole amounting to $8,215.60, with interest on same at the rate of 6 per cent. per annum from the date of said judgment. Motion for a new trial was overruled, and the cause is before us on appeal."

The Court of Civil Appeals affirmed the judgment of the trial court. See 288 S. W. 852. The writ of error was granted upon

─────────────────

⏣⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the second and third assignments in the application. Those assignments are as follows:

"Second Assignment.—The Court of Civil Appeals erred in overruling and refusing to sustain appellant's second assignment of error, which reads as follows:

"'The court erred to the prejudice of this plaintiff in rendering judgment in favor of the defendant for 6 per cent. interest from the 19th day of May, A. D. 1917, to the 24th day of July, 1925, on the sum of $5,520, being the total amount of damages found by the jury in favor of the defendant, in that, the court having submitted the question of damages, both as to the property actually taken and to the depreciation to the remainder, for determination by the jury, and the jury having found damages in the sum of $900 for the land actually taken and the sum of $4,620 for the damages for depreciation, the case having been tried before the jury, the court was without authority to assess an additional sum of 6 per cent. as interest, in the way of damages, to the amount found by the jury.'

"Third Assignment.—The Court of Civil Appeals erred in overruling and refusing to sustain appellant's third assignment of error, which reads as follows:

"'The court erred to the prejudice of this plaintiff in rendering judgment in favor of the defendant against this plaintiff for the sum of $2,595, as damages, calculated on the basis of 6 per cent. from May 19, 1917, to July 24, 1925, on the sum of $5,520, as assessed by the jury, because the court having submitted the issues of damages for findings by the jury, and the jury having fixed the damages at $5,520, and the question of whether or not the defendant should be entitled to interest, to be assessed as part of the damages, being a question of fact for the jury, the case having been tried before a jury, the court was without authority to add to the sum of $5,520, which was the verdict of the jury, the additional sum of $2,595.60 as damages against the plaintiff; the claim for damages being an unliquidated claim.'"

[1, 2] In their argument under aforesaid assignments, counsel said:

"The statute fixing the rule of damages does not stipulate that interest can be allowed. Article 3265 of the Civil Statutes of this state for 1925 provides:

"'When only a portion of a tract or parcel of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner; whether the remaining portion is increased or diminished in value by reason of such condemnation, and the extent of such increase or diminution and shall assess the damages accordingly.'

"There is no statute, as far as we can find, which provides that the landowner may recover interest. It is our contention, however, that if interest should be a proper element of damages, that the landowner not having objected to the court's charge because no instruction was given the jury to specifically consider interest and the landowner not having made a request for an instruction that the jury might consider interest in fixing the damages, that in such event the landowner abandoned and waived any right he had, if any, with respect to interest."

We think these assignments and each theory advanced thereunder must be overruled. The Court of Civil Appeals has correctly disposed of each contention, and we will merely express some additional views upon the second theory advanced in aforesaid argument by counsel for plaintiff in error.

The situation presented by this case brings it clearly within the rule laid down by our Supreme Court, speaking through Justice Pierson, in the case of Ewing v. Foley, 115 Tex. 222, 234, 238, 280 S. W. 499, 44 A. L. R. 627. In that case, recovery was had for loss of profits in business by Foley during three or four months, while his building was being repaired. His wall had been undermined by operations by executors of Ewing, who were building an adjoining structure. In that case, the Supreme Court approved the action of the district court, thereby overruling the action of the Court of Civil Appeals, in adding about four years' interest prior to judgment to what the jury found to be the amount of damages sustained *during the months* Foley was practically out of business.

The Supreme Court goes into this matter of interest very thoroughly. In the Foley Case, interest was prayed for, just as in the case at bar. In the Foley Case, it was clear that the jury did not include interest in fixing its damages. That same thing is true in the case at bar. In the instant case, the jury found each item of damage as of date in *1917*. Under such findings of fact, and under the rule laid down in the Foley Case, the trial court had the right, as a matter of law, to add interest after 1917.

We make two quotations from the opinion in the Foley Case, which summarize the situation which we think is present in the case at bar, as follows:

(1) "A review of the circumstances and procedure of the trial of this case presents quite a different situation. As stated above, the plaintiff below specially pleaded and prayed for interest. The issues of fact presented to the jury for its findings were specific and distinct, and could not possibly have been understood by the jury to include interest as damages, and there was and could be no controversy as to the amount of interest, once the specified items of loss were ascertained, nor as to the legal right for its recovery under all the facts of the case."

(2) "In the instant case, the necessary and controverted fact issues were submitted to the jury and found by the jury in favor of defendant in error, and as stated above, it was unnecessary for the trial court to submit the issue of interest to the jury as there were no additional or controverted facts to be found upon which it should be based or calculated, and it was within the province of the court, as a matter of law, to enter judgment for the interest as prayed for."

The Foley Case is the latest expression of our Supreme Court upon this point. The situation here is analogous to it, and the lower courts correctly allowed interest from 1917, instead of from the date of judgment in the trial court.

[3] In many cases the allowance of interest depends upon disputed facts. In such cases the jury must find the facts which authorize interest before the court would be permitted to add interest. But where the facts found by the jury are such as to authorize the addition of interest as a matter of law, such interest will be added, where it is clear that the jury had not already included interest in its findings, and where interest which is to be added was prayed for in the petition. We believe this statement is another way of expressing the rule laid down by Judge Pierson in the Foley Case.

We shall not discuss the other assignments in the application. We think the Court of Civil Appeals has correctly decided all such questions.

We recommend that the judgments of the trial court and Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the trial court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.