## HARRIS COUNTY FLOOD CONTROL DIST. v. KING et al.

### No. 12086.

Court of Civil Appeals of Texas. Galveston.

May 26, 1949.

Rehearing Denied June 16, 1949.

See also, Tex.Civ.App., 210 S.W.2d 438.

Knipp & Broady and Ernest A. Knipp, of Houston, for appellant.

Hardway, Harwell, Smith & Gwin, of Houston, for appellees.

CODY, Justice.

The judgment from which this appeal is prosecuted was rendered upon the third trial of this condemnation proceeding which the plaintiff Flood Control District brought in the County Court at law of Harris County against defendant King, the owner of the land condemned, and against defendant Young, the owner of a lien on the land.

The verdict of the jury fixed the damages in the amount of $9,743.70. It is clear from the manner in which the issues on damages were submitted to the jury that the verdict did not include interest as an element of the damages awarded. The defendant offered no objection to the amount of damages found by the jury, and moved for judgment of condemnation, and that the defendants be adjudged the sum of $9,743.70. Indeed, in that connection the District paid into the registry of the court a sum which, added to the deposit it had made when the special commissioners had made their award on January 31, 1947, to bring the sum so paid by it into the registry of the court up to the entire sum of $9,743.70. However, the defendants moved that the judgment, in addition to the sum of $9,743.70, also include interest thereon at the rate of six per cent per annum from January 31, 1947, aforesaid, until the day of judgment, which sum amounted to $1,088.04. The court heard evidence on the said motions of both parties for judgment and the parties made certain stipulations upon said hearing. The only statement of facts that has been brought up in the record on this appeal is the evidence taken and the stipulations made at the hearing on the motions. The court granted defendants' motion and rendered judgment for defendants, that in addition to the sum of $9,743.70, they recover thereon at the rate of six per cent per annum from January 31, 1947, until judgment. Plaintiff excepted to so much of the judgment as adjudged defendants' interest.

Upon the hearing on the motions the plaintiff introduced in evidence a copy of the writ of temporary injunction which was issued by this court of civil appeals on March 18, 1948, at the instance of defendant King, which enjoined plaintiff and its agents from entering upon the land in question "for the purpose of excavation, or for the purpose of felling trees, or destroying any other property located thereon, until

further order of this court," and upon March 25, 1948, the injunction was continued in effect until the controversy was finally settled by the courts or mutually settled between the parties.

Plaintiff predicates its appeal upon this single point:

"Since the appellant District has been continuously, and is still, enjoined by the Court of Civil Appeals from taking possession of the easement sought to be condemned and for which the District has paid, the trial court erred in awarding to defendants additional damages in the form of interest at the rate of six per cent (6%) per annum on the amounts fixed by the jury from the date of the award by the Special Commissioners, January 31st, 1947, to the date of judgment, December 10th, 1948, on the theory that defendants were entitled to such an award as a matter of law."

"In the great majority of the jurisdictions interest is allowed as a part of the damages or compensation to which one whose property has been taken under the power of eminent domain is entitled as a part of the just compensation required by the constitution. * * * However, the jurisdictions allowing interest are by no means uniform in their holdings in regard to the time from which interest is to be computed." 96 A.L.R. 150. Some states use the date the proceedings were instituted; some states use the date the damages are estimated, i. e., fixed by Special Commissioners; some states use the date that the condemnor acquires physical possession of the condemned property; and in some states the date varies according to circumstances. Id. p. 150 et seq. For a discussion of the rule see North Coast R. Co. v. Aumiller et ux., 61 Wash. 271, 112 P. 384. In theory at least, the most equitable or just rule would doubtless be to allow the land owner interest from the date the proceedings are instituted, less, however, such value of the use of the land as the condemnor may affirmatively prove that the land owner has had of the property until full possession has been taken by the condemnor. Id. That the landowner does not have the full enjoyment of ownership, including the right to improve, sell,

—i. e., that his use is precarious from the date that the proceedings are instituted is apparent.

In this case the defendants asked for interest from the date the condemnation proceedings were instituted. However, the court allowed interest from the date that the Special Commissioners awarded or estimated the damages, which was January 31, 1947. In so doing the court followed the rule which was applied in Texarkana & F. S. Ry. Co. v. Brinkman, Tex.Com. App., 292 S.W. 806. In the Brinkman case, the commissioners awarded (or estimated) the damages on May 19, 1917, but the condemnor went into physical possession of the property on May 21, 1917. It was not until July 24, 1925, that the case was tried, and, as in the case at bar, the jury fixed the values at higher amounts than did the commissioners. The court allowed interest from May 19, instead of from May 21, 1917. No point was there made as to the merit of starting interest at the date of the commissioners award rather than at the date of taking of full possession. Since there were only two days difference in the two dates the question was not of much practical concern, and we are in doubt as to whether the Brinkman case rendered the point stare decisis, especially as the opinion was not adopted by the Supreme Court.

We believe that the soundest rule would be to allow interest from the date that the proceedings are instituted, subject to allowing the condemnor the opportunity to prove affirmatively the value of the use of the property to the owner from said date until the condemnor gets actual possession. The defendants here have not complained of the rule applied by the court. But be that as it may, we are without any statement of facts in this case except that on the hearing of the motions. It appears from that, as well as from the records of this court, that the District was enjoined not to exercise certain specified dominion thereover. No doubt the fact that the District was under such injunction would raise an inference that such possession as it had of the premises, after the injunction was issued, was such as it might enjoy under the terms of the in-

junction. On the other hand, in the absence of affirmative evidence, we must presume in support of the judgment that the District had such possession, if physical possession is necessary, as authorized the judgment for interests which the court rendered.

We affirm the judgment.