**STATE of Texas et al., Appellants,**

v.

**Ella A. GRIFFIS, Appellee.**

No. 3432.

Court of Civil Appeals of Texas.

Waco.

Feb. 28, 1957.

Rehearing Denied March 28, 1957.

W. C. Haley, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

TIREY, Justice.

This is a condemnation suit. The jury found (1) that the market value per acre of the strip of land condemned, considered as severed land, to be the sum of $750 per acre; (2) that the market value per acre of defendant's tract of land west of the highway, exclusive of the strip condemned, immediately before the strip was taken, to be $450 per acre; (3 and 5) that excluding increase in value and decrease in value by reason of the benefits or injuries received by defendant in common with the community generally and not peculiar to her and connected with her ownership, use and enjoyment of the particular tract across which the strip of land has been condemned, and taking into consideration the uses for which the strip of land to be condemned is to be subjected, the jury found that the market value of the remainder of defendant's tract of land west of the highway, immediately after the taking of the strip condemned for highway purposes, to be the sum of $450 per acre; and that the market value per acre of the remainder of defendant's tract east of the highway, immediately after taking the strip condemned for highway purposes, to be $325 per acre; and (4) that the market value per acre of defendant's tract east of the highway, exclusive of the strip of land condemned immediately before the strip was taken for highway purposes, to be the sum of $350 per acre.

The court entered judgment for appellee on the verdict of the jury, and in the judgment we find this recital: "It appearing to the court from the evidence and the special verdict and findings of the jury that the defendant, Ella Aerl Griffis, is entitled to recover of and from McLennan County and the State of Texas as for the value of the land taken herein and as damages to the residue of defendant's land by reason of such taking and as for interest heretofore accrued on the amount of her said damages, including the value of the land taken, the sum of $10,375.20, less the sum of $2,500 heretofore deposited in the registry of the court herein and received by the defendant under orders of court, as shown by the evidence and the records in this cause, of which the court has full knowledge" and decreed that appellee recover the sum of $7,875.20, together with interest thereon from the date of judgment at the rate of 6% per annum.

Appellants seasonably filed motion to set aside judgment and grant new trial, which motion the court overruled, and they have perfected their appeal to this court.

The judgment is assailed on four points. They are substantially: (1) The error of the court in refusing to grant condemners' time to make Ruby Aerl Royals, Rilda Aerl Thompson, and W. D. Aerl, Sr., parties defendant to this suit, appellants claiming that such parties were necessary; (2) the court abused its discretion in admitting, over condemner's objections, opinion testimony of Lon Morgan as to value of land and that land had a value as a use other than farming, he not having qualified as an expert witness; (3) tenders the same objection to the testimony of C. G. Thompson; and (4) the verdict of the jury and judgment of the court entered thereon are grossly excessive.

Going back to Point 1, we find that appellants filed petition for condemnation on November 21, 1949, at which time Clark Griffis and wife, Ella Aerl Griffis, were the record owners and holders of the property sought to be condemned. Appellants, by motion dated September 10, 1956, set up that the Hon. W. V. Dunnam was independent executor of the estate of A. C. Griffis, and that by virtue thereof he and

Ruby Aerl Royals and Rilda Aerl Thompson and W. D. Aerl, Sr., were necessary parties to this proceeding, because A. C. Griffis had departed this life.

Testimony was tendered to the effect that A. C. Griffis and his wife, Ella Aerl Griffis, made their last joint will and testament, which will, among other things, provided:

"Item Two: We each give, devise and bequeath unto the survivor of us an estate for life in our real estate with all the rights incident to the ownership of a life estate therein; and in addition thereto, we each give unto the survivor of us unconditional power and authority to sell and convey such portion of said real estate as the survivor may desire to sell and convey, and to invest and re-invest the proceeds of such sale or sales as the survivor may wish and desire and to use and expend so much of the proceeds of such sale or sales as may be necessary for the maintenance of the survivor."

"Item Four: All of the rest and residue of our property, real, personal and mixed, existing at the time of the death of the survivor of us, we each hereby give, devise and bequeath in fee simple unto Ruby Aerl Royals, Rilda Aerl Thompson and W. D. Aerl, Sr., share and share alike."

■■ It is without dispute that such will had been admitted to probate and that Hon. W. V. Dunnam had qualified as independent executor of the estate of A. C. Griffis before this cause proceeded to trial. Appellee states in her brief that this property is her separate estate and appellants' counsel, in oral argument before this court, admitted such fact. However, appellants insist that Ruby Aerl Royals and Rilda Aerl Thompson and W. D. Aerl, Sr., were necessary parties because of the provisions of the will here quoted. We are not in accord with appellants' view. We think, under the provisions of the will, that Mrs. Griffis had the unconditional right and authority to convey the entire fee simple title to said property to anyone, at any time, and for any consideration she desired. However, if we be mistaken in this behalf, such error became harmless because subsequent to the entry of the final judgment, each of the foregoing parties claimed by appellants to be necessary parties, executed and filed with the County Clerk of McLennan County, and delivered to appellants a quitclaim deed conveying any interest they had to appellants in the property condemned. This instrument appears with the papers in this cause. If we be mistaken as to the right of Mrs. Griffis to convey the property in question by her deed, then in that event we think that this quitclaim deed certainly removed and cured any error in this behalf and brings appellants' Point 1 within the provisions of Rules 434 and 503, Texas Rules of Civil Procedure. Accordingly, Point 1 is overruled.

■■ Appellants' Points 2 and 3 are to the effect that the court abused its discretion in admitting the testimony of Lon Morgan and C. G. Thompson. We have reviewed their testimony very carefully, and the objections and arguments of appellants concerning the same, and we do not believe that they present reversible error. Similar questions have been before our courts in many cases and it is well settled in Texas that it is largely discretionary with a trial judge as to whether a witness is qualified, and the appellate court should not disturb the action of the trial court in the absence of clear abuse of discretion. Such was our holding in City of Teague v. Stiles, Tex. Civ.App., 263 S.W.2d 623 (n. r. e.), point 14, and cases there cited. We do not believe it would be of any precedential value to set out the testimony of these witnesses; however, we think it pertinent to say that each witness testified to the fact that he knew the land; that he had lived in the local community for a long

time, and each said he knew the market value of property in that area. So the objections of the appellants went to the weight of the testimony, and we think the trial court did not err in overruling the objections. See opinion of this court in City of Waco v. Roberts, Tex.Civ.App., 12 S.W.2d 263, point 4, opinion affirmed by 121 Tex. 217, 48 S.W.2d 577. See also 16a Tex.Dig., Evidence, ☞543(3).

■ Point 4 is to the effect that the verdict of the jury and the judgment of the court entered thereon are grossly excessive. Appellants, in their oral argument, said that the only part of the jury's verdict that they thought was excessive was that part where the jury assessed the market value per acre of the land taken at the price of $750 per acre. It is without dispute that this property lies to the south or southeast of Highway 81, just across and a little north of the community of Lorena, a small village. Testimony was tendered to the effect that the property in question had a value of $1,500 per acre for commercial purposes. One witness testified to the effect that the land taken had a value of $750 per acre. It is appellants' contention that the land taken had no such value under all of the facts and existing circumstances surrounding the property at the time it was taken. We are not in accord with this view. It seems to us that it is reasonable for small tracts of land on a paved highway, located as this was near the village of Lorena (a village with schools and churches) and a distance of some 12 or 13 miles from the City of Waco (being only eight miles from the city limits of Waco) to have a commercial value for a small acreage, and we do not believe that the value of $750 per acre is excessive. In State v. Thompson, 290 S.W.2d 319, this court held that an award of $500 per acre for a small tract located in this vicinity and near this tract was not excessive.

■ We find no exception by appellee to the judgment as entered for her, but

she did on September 18, 1956 file motion for amendment and correction of the judgment rendered on September 14, 1956, in which motion she averred: "It is further shown that the judgment of the court in the sum of $7,875.20 includes the actual damages as found by the jury, plus interest upon $6,681.00 thereof from and after September 19, 1953," and further alleged: "Said judgment should be amended and should be for the sum of $9,940.00, including (a) the damages found by the jury, (b) interest on the total sum thereof found by the jury from the 8th day of December, 1949, the date of the filing of the Commissioners' award herein, to the 19th day of September, 1953, and interest on $6,681.00 thereof from the time said award was paid into the registry of the court until the date of the judgment." The court overruled this motion, to which appellee excepted. Appellee relies on the Missouri case of State ex rel. State Highway Comm. v. Galloway, 292 S.W.2d 904, opinion by the appellate court of Missouri at Springfield, no writ history: Appellee in her brief says that our Texas courts have not spoken on this point. We are not in accord with this view. See Housing Authority of City of Dallas v. Brown, 256 S.W.2d 656; Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 252 S.W. 2d 963, Per Curiam opinion 152 Tex. 122, 255 S.W.2d 184; 16 Tex.Jur. 574.

But we think the trial court's action on appellee's motion is correct for another reason. The record here shows that the award of the Special Commissioners condemning the land in question was filed on December 8, 1949. The amount of the award was not paid into the registry of the court until the 19th day of September, 1953. The evidence is without dispute that this property, although close to the village of Lorena, and already on a paved highway located a short distance from the City of Waco, had been used solely for farming purposes. There is a lack of evidence that appellee sustained any damage whatsoever until the State actually took possession of

her property and began the construction of the highway. There is also an absence of testimony as to any damages sustained by appellee to any crop or crops growing on her property here taken, and there is likewise an absence of any evidence to the effect that appellee was in anywise disturbed in her possession and use of the land for farming purposes until construction was begun. There is an absence in the record of any testimony to the effect that appellee had had any offers for this particular property for commercial purposes prior to the condemnation proceedings and an absence of evidence to the effect that she has had any offers for her property for commercial purposes or otherwise since such condemnation proceedings. There is no pleading on behalf of appellee tendering an issue that appellee suffered any special damage in this behalf, and absent pleading and evidence on such issue, there was nothing in this behalf to submit to the jury. Moreover, Art. 5072, V.A.C.S., provides: "All judgments of the courts of this State shall bear interest at the rate of six per cent per annum from and after the date of judgment, except where the contract upon which the judgment is founded bears a specified interest greater than six per cent per annum and not exceeding ten per cent per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment." See Wyche v. Perrin, Tex.Civ.App., 228 S.W.2d 330 point 7, page 335 (n. r. e.).

Accordingly, the judgment of the trial court is affirmed.