Charles Vernon DANIELS, et al., Appellants,

v.

Zelma Vicars MOORE, Appellee.

No. 13–85–441–CV.

Court of Appeals of Texas, Corpus Christi.

June 12, 1986.

---

James H. Whitcomb, Columbus, for appellants.

Larry Woody, Victoria, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Charles Vernon Daniels, Ruby Ives, and Dovie Scherer, the appellants in this case and the children of W.I. Daniels, brought suit to cancel a gift deed and to remove the gift deed as a cloud upon their title to an undivided one-half interest in the property. The trial court judgment ordered that full fee simple title vested in appellee (the sister of W.I. Daniels' widow), and that appellants take nothing by their suit. Appellants' sole ground of error complains that the trial court erred in its disposition because the gift deed to appellee contravened the life beneficiary's powers of disposition under W.I. Daniels' will.

Ruby Ives sold the disputed property to W.I. Daniels before he married Effie Daniels, the sister of appellee. W.I. Daniels then sold the property to his wife, Effie Daniels, as her separate property. Effie Daniels subsequently made a gift of an undivided one-half interest in the property back to W.I. Daniels. At W.I. Daniels' death, he and Effie owned the property as tenants in common. Thus, each owned an undivided one-half interest as their separate property.

W.I. Daniels' will provided:

I give, devise and bequeath to my wife, EFFIE DANIELS, outright, any car or truck that I may own at my death. I give, devise and bequeath all of the residue of my property, real, personal, separate or community, unto my wife, EFFIE DANIELS, for her natural life, *with the right to sell and convey any portion thereof and to reinvest the same, using*

*all of the proceeds and interest from such estate or reinvested estate during her lifetime* (Emphasis ours).

W.I. Daniels named appellants as the remaindermen, to take in fee simple. Effie Daniels made a gift of the disputed property to appellee. Appellants complain that, although Effie could have sold the property, she was without the power to make a gift of the property.

"The primary object of inquiry in interpreting a will is determining the intent of the testator.... In order to determine testator's intent, the will must be construed as a whole, so as to give effect to every part of it." *Gee v. Read,* 606 S.W.2d 677, 680 (Tex.1980). Appellee focuses on the words "with the right to sell and convey" and concludes that since a gift is a conveyance, Effie Daniels had the power to make a gift. However, the clause states that Effie has "the right to sell and convey any portion thereof and to *reinvest the same.*"

If a gift is made, it is impossible to reinvest the proceeds, thereby defeating the testator's intent. Although Effie was authorized to sell the property and use all of the proceeds during her lifetime, this did not authorize her to defeat the interests of the remaindermen by making a gift of the land. *Messer v. Johnson,* 422 S.W.2d 908, 912 (Tex.1968); *see Nye v. Bradford,* 144 Tex. 618, 193 S.W.2d 165, 167 (1946); *Bridges v. First National Bank,* 430 S.W.2d 376, 381 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.); *cf. State v. Griffis,* 300 S.W.2d 220, 222 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.) (a very similar will provision interpreted in *Griffis,* albeit in a condemnation suit, to give the life beneficiary the "authority to convey the entire fee simple title to said property to anyone, at any time, and for *any consideration* she desired." [emphasis ours]). The will further states that the life beneficiary may use "all of the proceeds and interest from *such estate or reinvested estate* during her lifetime." This also supports the proposition that the testator did not intend for the life beneficiary to divest herself of the

property by gift. We sustain appellants' point of error.

We reverse the judgment of the trial court and here render judgment that the gift deed be cancelled as to the undivided one-half interest in the property, and that the interest pass to the remaindermen pursuant to the will of W.I. Daniels.