Deprez v. City of Midlothian 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-124-CV

     PATRICK F. DEPREZ, TRUSTEE, ET AL.,
                                                                                              Appellants
     v.

     CITY OF MIDLOTHIAN, ET AL.,
                                                                                              Appellees
 

From the County Court
Ellis County, Texas
Trial Court # C-2186
                                                                                                     

O P I N I O N
                                                                                                     

      The cities of Midlothian and Waxahachie condemned, for the construction of a joint-municipal
airport, 47.644 acres of land out of a 1,400-acre tract in Ellis County known as the Diamond J
Ranch. The cities filed their petition for condemnation and a lis pendens notice on March 23,
1989. On May 11, the special commissioners appointed by the court awarded $190,576 to the
landowners. The landowners promptly filed their objections to the commissioners' award, and
the condemnation suit was tried before a jury. The jury found that the value of the part taken was
$166,754 ($3,500 per acre). The jury also found that the difference in the market value of the
remaining 1,350-acre tract of land immediately before and immediately after the taking of the
47.644-acre tract was $167,400. Following the jury's verdict, all parties moved for judgment on
the verdict. The proposed judgment offered by the landowners provided for prejudgment interest
of ten percent per annum from March 23, 1989, the date the proceedings were initiated. The trial
court granted judgment in favor of the landowners and awarded damages in the amount of
$334,154. However, the judgment signed by the court provided for prejudgment interest of six
percent per annum from January 25, 1991, the date of the verdict.
      The landowners, asserting in six points that the trial court committed error, now request this
court to reverse the judgment and remand the cause for a new trial on the merits. However, the
landowners may not move the trial court to enter judgment on the verdict and then, on appeal, take
a position inconsistent with the portion of the judgment that they requested. See Litton Industrial
Products, Inc. v. Gammage, 668 S.W.2d 319, 321-22 (Tex. 1984). A litigant cannot ask
something of the court and then complain that the court committed error in giving it to him. 
Northeast Texas Motor Lines, Inc. v. Hodges, 138 Tex. 280, 158 S.W.2d 487, 488 (1942).
      In point one, the landowners contend that the court erred in overruling their challenge for
cause of a potential juror. Points two through four relate to various rulings of the court on the
admissibility of evidence at trial. In order for any of these points to provide a basis of reversal,
the error complained of must amount "to such a denial of the rights of appellant as was reasonably
calculated to cause and probably did cause rendition of an improper judgment in the case . . . ." 
See Tex. R. App. P. 81(b)(1). Because the landowners requested a judgment on the verdict, they
cannot now contend that such a judgment is improper. Therefore, any error related to the court's
rulings during voir dire or trial was rendered harmless by the landowners' motion for judgment
on the verdict. When the record on appeal establishes that the trial court entered its judgment in
compliance with the appellants' prayer for relief, all complaints by the appellant about the trial
court's action in so doing are foreclosed. Dolenz v. American General Fire and Casualty Co., 798
S.W.2d 862, 863 (Tex. App.—Dallas 1990, writ denied). In the absence of a showing of the entry
of an improper judgment, no reversible error is presented. Id. Accordingly, we overrule points
of error one through four.
      In point five, the landowners contend that the court erred in awarding prejudgment interest
from the date of the verdict rather than from the date the cities filed their petition for
condemnation. In their motion for judgment, the landowners requested that interest be awarded
from the date the proceedings were initiated, subject to allowing the cities the opportunity to prove
affirmatively the value of the use of the property to the owners from that date until the cities
obtained actual possession. See Harris County Flood Control District v. King, 221 S.W.2d 361,
362 (Tex. Civ. App.—Galveston 1949, writ dism'd). Because the landowner's motion for
judgment is consistent with their position in point five, they have not waived their right to
complain about the trial court's award of prejudgment interest. See Litton, 668 S.W.2d at 322.
      All parties agree that interest is computed from the date of taking. However, Texas courts
have been inconsistent in determining the date of taking in condemnation cases. In Texarkana &
F. S. Ry. Co. v. Brinkman, 292 S.W. 860, 861 (Tex. Comm'n App. 1927, judgm't adopted),
interest was computed from the date that the special commissioners awarded or estimated the
damages. Noting that the opinion in Brinkman was not adopted by the Texas Supreme Court, the
court in King allowed interest from the date the condemnation proceedings were initiated, subject
to allowing the condemnor the opportunity to prove affirmatively the value of the use of the
property to the landowner from that date until the condemnor obtained actual possession. See
King, 221 S.W.2d at 362. Although Brinkman and King have not been overruled, Texas courts
have subsequently held that interest begins to accrue on the date of actual or constructive
possession of the land by the condemnor. See, e.g., Trinity River Authority of Texas v. Sealy &
Smith Foundation, 435 S.W.2d 864, 865 (Tex. Civ. App.—Beaumont 1968, writ ref'd) (awarding
interest on the excess judgment over the commissioners' award deposited, from the date of the
taking of constructive possession by depositing the award into the registry of the court); Housing
Authority of City of Dallas v. Dixon, 250 S.W.2d 636, 637 (Tex. Civ. App.—Dallas 1952, writ
ref'd n.r.e.) (holding that interest runs from the date of possession by the condemnor until the
balance of the final judgment is paid by the condemnor).
      In this case, the condemnors argue that because, prior to the date of judgment, they never
deposited the commissioners' award into the court's registry or took actual possession of the
property, no prejudgment interest can be assessed. Consequently, their proposed judgment
provided for no prejudgment interest. On appeal, however, the condemnors acceded to the court's
award of interest by characterizing the date of the jury's verdict as the date of the taking,
ostensibly based upon a pretrial stipulation—"That the time of fixing the value of the property of
Defendants should be the date on which the case is tried and a verdict rendered thereon."



      The landowners argue that the condemnors should not be allowed to avoid interest on the
award by delaying actual or constructive possession of the property. When the condemnation
proceedings were initiated, the condemnors filed a Notice of Lis Pendens in the deed records of
Ellis County. As a result, the landowners contend that, as in King, their title was clouded, their
use of the property was rendered precarious, and they could no longer fully enjoy the rights
accompanying ownership, including the right to improve and sell the property. See King, 221
S.W.2d at 362.
      In United States v. 2175.86 Acres of Land, Etc., 696 F.2d 351, 354 (5th Cir. 1983), the
federal court noted that where there is a delay between the time of taking and the time of payment,
the landowner is entitled to interest as a part of just compensation. The district court awarded
interest from the date the condemnation proceedings were initiated, reasoning that the proceedings
effectively denied the landowners "economically viable use and enjoyment" of their property. See
id., 520 F. Supp. 75, 80 (E.D. Tex. 1981). However, the Fifth Circuit held that "[s]ince there
has been no showing made that the filing of the complaint deprived the landowners of the use of
their property so as to constitute a taking, the district court's award of interest from the date of
the filing must be reversed." Id., 696 F.2d at 355. The property in that case was purchased as
an investment and had remained in the same condition throughout the condemnation proceedings. 
Id. According to the federal court, changes in value pending the condemnation proceedings are
incidents of ownership that do not constitute a taking. Id.
      In State v. Griffis, 300 S.W.2d 220, 223 (Tex. Civ. App.—Waco 1957, writ ref'd n.r.e.), the
landowner moved the trial court to award prejudgment interest from the date of the filing of the
special commissioner's award rather than from the date the award was deposited into the registry
of the court almost four years later. This court held that the trial court correctly denied the
landowner's motion because there was no evidence that the landowner sustained any damage
whatsoever until the state actually took possession of her property and began the construction of
a highway. Id. at 223-24. Based on the reasoning of the federal court in 2,175 Acres, we reaffirm
this court's opinion in Griffis. Without evidence that, prior to payment of the award, the
landowners were denied "economically viable use and enjoyment" of their property, they are
entitled to interest only from the date of constructive possession by payment of the award. 2,175
Acres, 696 F.2d at 355; Griffis, 300 S.W.2d at 223-24. Accordingly, we must determine if the
landowners in this case were denied "economically viable use and enjoyment" of their property
from the date the condemnation proceedings were initiated.
      The Diamond J Ranch was purchased in 1973 for future investment. At the time of trial, the
property was leased on a year-to-year basis for grazing purposes. The condemnors' independent
real-estate appraiser testified that the "highest and best use" of the property would "continue to
be agricultural or to hold for future planned development to include rural home sites, industrial
and commercial development." A real-estate broker testified on behalf of the landowners that they
began preliminary development studies on the property in 1983 and spent approximately $80,000
on studies and planning between 1983 and 1986. He also testified that the property's "highest and
best use" was the development of ten-acre residential home sites. The landowners' real-estate
appraiser also testified that the "highest and best use" of the property was a planned rural
residential addition.
      The landowners argue that, when the condemnation proceedings were initiated and the Notice
of Lis Pendens was filed on March 23, 1989, they were prevented from continuing to "improve
and sell" the 47.644-acre tract. Although the condemnation proceedings may have prevented the
landowners from pursuing the "highest and best use" of the property, the condemnation
proceedings did not deny them "economically viable use and enjoyment" of their property. The
property taken continued to be used for agricultural purposes at the time of trial. Therefore, the
court properly denied the landowners' motion for prejudgment interest from the date the
proceedings were initiated. See Griffis, 300 S.W.2d at 223-24. Point of error five is overruled.



      In point six, the landowners contend that they should have been permitted, without prejudice
to their right of appeal, to withdraw the funds deposited by the condemnors into the registry of the
court after the final judgment was signed. The landowners would have us disregard the court's
opinion in Latimer v. State, 328 S.W.2d 242, 243-44 (Tex. Civ. App.—Beaumont 1959, writ ref'd
n.r.e.). This we decline to do. As the court in Latimer stated:
There is no inconsistency in holding that one may accept or appropriate the amount
awarded by the Commissioners, but not the amount awarded by county court judgment,
without jeopardizing one's right of appeal. As was pointed out in Thomas v. Housing
Authority of City of Dallas, [153 Tex. 137, 264 S.W.2d 93 (1953)], authority for
prosecuting an appeal after having accepted or appropriated the Commissioners' award
is to be found in Article 3268, V.T.C.S., [current version at Tex. Prop. Code Ann. §
21.021 (Vernon 1984) & § 21.063 (Vernon 1984)] but this is not true of a judgment
award.

Id. at 243. Point of error six is overruled. We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 25, 1992
Do not publish